1820.

MINTURN
v.
SEYMOUR.

Injunction dissolved.

---

J. MINTURN *against* SEYMOUR.

Where the defendant, in his answer to an injunction bill, admits the equity of the bill, but sets up new matter of defence, on which he relies, the injunction will be continued to the hearing.

Equity will not enforce a mere *voluntary* agreement, not valid at law; especially against a legal claim for a just debt, and where there is no consideration, nor accident or fraud.

1820.

MINTURN
v.
SEYMOUR.

June 30th,
and July 20th.

BILL, filed *November* 8, 1819, stating, that in *September*, 1814, the defendant, at the request of the plaintiff, and *W. Minturn*, made a promissory note for 2,900 dollars, payable to them or order, which was discounted at the Bank of *New-York*, for the benefit of *J. & W. M.* That before the note became due, the plaintiff and *W. M.* failed, and the note was protested for non-payment. That, in *November*, 1814, finding that the defendant and several other creditors, were willing to release the plaintiff, *provided all the creditors would do so ;* the plaintiff, with the advice of the defendant, had a release drawn up, which was *signed* by all the creditors of *J. & W. Minturn*, and among the rest, by the defendant. That this release was an absolute discharge of *J. & W. M.* from all debts and demands, and was so intended to be by the defendant, and the rest of the creditors ; and was executed by the Bank of *New-York*, and the Merchants' Bank, under their *corporate seals*, though it was stated in the body of the instrument, to be " subscribed by our names," and was only *so signed,* by the individual creditors. That it was a mere mistake, and inadvertence, that *seals* were not affixed to their signatures. That, in *April,* 1817, the defendant brought an action at law in the Supreme Court, to recover the amount paid by him to the Bank of *New-York*, on the note. That the plaintiff, at the trial, offered the instrument above mentioned, signed by the defendant, in evidence, in bar ; but not being under seal, it was decided not to be a *release*, and was rejected by the judge, and a verdict was found in favour of *S.*, the plaintiff in that action, for 826 dollars and 69 cents. That, on a case made and argued, the Supreme Court afterwards gave judgment, on the verdict, for the plaintiff, *S.* (*a*) That the seals to the instrument were omitted by *mistake ;* and that if the defendant intended, at the time, to release all demands on the plaintiff, in consequence of the note, and if he knew that a seal was necessary for that purpose, and omitted to affix it, it was a fraud on the plaintiff,

(*a*) Vide S. C. 17 *Johns. Rep.* 169—176.

and the banks who affixed their seals. *Prayer*, that the defendant may be compelled to affix his seal to the instrument, and for general relief; and for an injunction to restrain the defendant from taking out execution on the judgment so obtained at law.

The *answer* of the defendant, filed *March* 18, 1820, which denied the material allegations in the bill, is substantially stated in the opinion delivered by the Court.

*Bunner* and *S. Jones* now moved to dissolve the injunction. They cited 1 *Ch. Rep.* 78. 84. 2 *Vent.* 365. 1 *Vern.* 37. 427. 1 *Ves. Jun.* 50. 1 *Fonbl. Equ.* 335—340. 3 *Burrow*, 1670. 7 *Term Rep.* 350. 13 *Ves.* 148. 4 *Johns. Rep.* 84. *Plowd.* 308 b. *Dyer*, 336 b.

*Harison* and *T. A. Emmet*, contra. They cited *Barnadist. Ch. Rep.* 373, 374.

THE CHANCELLOR. The answer denies all the equity of this bill. It is true, the answer endeavours to strengthen the defendant's case, by the introduction of new matter, and if the defence rested upon such new matter, and had admitted the equity set forth in the bill, then, according to the reason of the thing, and the general rule declared in *Allen* v. *Crobroft, (Barnard. Ch. Rep.* 373.) the injunction ought to have been continued to the hearing. But in this case the equity of the bill is denied. That equity consisted in the averment, that the instrument set forth in the bill, was sealed with the corporate seals of the two banks, *in consideration* of a good and sufficient release and discharge of the plaintiff, executed by all the other creditors; and that the creditors separately consented to execute such a discharge, under the proviso, that all of them would consent to do it. The answer denies this averment, and every pretext on which it rests. It denies that the banks executed the instrument in consideration of any efficient discharge being given by the other

*1820.*

MINTURN
v.
SEYMOUR.

*June 20th.*

*July 20th.*

creditors, or in consideration, that the discharge was a valid one, as to all the creditors who signed it. It states, that the instrument was signed by the creditors, individually, and by the two banks, among others, as they were respectively applied to, without any concert or mutual agreement, or condition, that other creditors should sign it. It was the voluntary and spontaneous act of each creditor, without any consideration. The answer thus meets and overthrows the charges in the bill, on which the special claim to the assistance of this Court was founded, and the case is reduced to this simple point, whether equity will enforce a mere voluntary agreement, not valid at law, and especially in destruction of a legal claim, and recovery for a just debt. A voluntary deed may be aided in special cases, as was mentioned in *Bunn* v. *Winthrop*, (1 *Johns. Ch. Rep.* 329.) but it is a clear, general rule, that a bill does not lie to enforce a mere voluntary agreement. The language of the books, from the earliest to the latest cases, is uniform in support of the doctrine, that a voluntary defective conveyance, which cannot operate at law, is not helped in equity, in favour of a volunteer, where there is no consideration, nor any accident or fraud in the case. To entitle the party to the aid of this Court, the instrument must be supported by a valuable consideration, or, at least, by what a Court of equity considers a meritorious consideration, as payment of debts, or making a provision for a wife or child. (*Pickering* v. *Keeling*, 1 *Rep. in Ch.* 78. *Thompson* v. *Attfield*, 1 *Vern.* 40. *Longdale* v. *Longdale*, 1 *Vern.* 456. *Colman* v. *Sarel*, 3 *Bro.* 12. 1 *Ves. Jun.* 50. and see also, 1 *Fonb.* 339. s. 2. and 1 *Maddock's Ch. Rep.* 564.)

In the present case, the defendant was a meritorious creditor, arising from the gratuitous loan to the plaintiff, of a negotiable note drawn by the defendant, at the plaintiff's request, and for his use, without any consideration; and he afterwards, when the plaintiff stopped payment, voluntarily, and without consideration, subscribed his name to an instru-

ment, releasing and discharging the plaintiff from all demands. Since the time of that signature, he has been obliged to pay the note he so gave to the plaintiff. He then called upon him, at law, for reimbursement and indemnity; and the instrument the defendant signed was found to be insufficient at law, to protect the plaintiff from that suit, and the defendant has recovered of the plaintiff, by verdict and judgment, at law. 'I did think, upon the statement in the bill, that the valid discharge, given by the two banks, was in consideration of a like valid discharge by the other creditors, and that, therefore, it would be an act of fraud upon those banks, for the defendant to refuse to make effectual his discharge.' But the answer shows that this part of the bill was not well founded, and the case, as it stands upon the pleadings, has no claim to the equitable assistance of the Court. I shall, consequently, dissolve the injunction.

*Injunction dissolved.*