JOSEPH SHEPHERD  
          vs.                    }  July Term, 1848.  
SAMUEL SHEPHERD ET AL.

[STATUTE OF FRAUDS—PART PERFORMANCE—SPECIFIC PERFORMANCE.]

To take a parol agreement out of the statute of frauds, on the ground of part performance, the acts done in part performance must not only be referrible exclusively to the contract set up in the bill, but the contract itself must be established by evidence—clear, definite and unequivocal in its terms.

The party must show acts unequivocally referring to, and resulting from, the agreement set up, such as the party would not have done, unless on account of that very agreement, and with a view to its performance; and, the agreement set up must appear to be the same with the one partly performed.

A court of chancery will not decree the specific performance of a mere voluntary agreement.

The Chancellor refused to decree the execution of the contract set up in this case, because, there was a want of the essential elements of unequivocal certainty in the agreement, and in the acts relied upon, as part performance.

[The complainant filed his bill in this court, on the 9th of October, 1847, stating that his mother was in her lifetime seized and possessed of a tract of land in Anne Arundel county, containing about sixty-nine acres, upon which he (complainant) has resided for the last four years; and that his father, by his will, had devised the same to him in fee, under the erroneous impression that he was the fee-simple owner thereof, and had a right to devise it away. The complainant stated that he had asserted no claim to the land under this devise, but that his mother being anxious that he should hold and enjoy it in fee-simple, agreed to convey it to him if he would relinquish his interest in his father's personal estate, in her hands as his guardian; to which proposition he assented, and, for the purpose of carrying it out, executed to her a receipt for said personal property, although he never received any portion thereof; the receipt being intended merely to operate as a payment of so much money upon the land. The complainant further stated, that immediately thereafter he took possession of the land in pursuance of the agreement, and had held it ever since; that his mother, until her death, had treated and spoken of him as

the owner thereof, and had promised to execute a conveyance to him, whenever requested to do so ; and that she departed this life a few weeks before the bill was filed, without having executed any deed to him, and leaving himself, and several brothers and sisters, and the infant children of a deceased sister, her heirs at law, to whom the legal title to said tract of land descended.

The bill concluded with a prayer for the specific performance of the contract, and a conveyance to the complainant by the defendants, of the legal title to the land, and for general relief.

The facts stated in the bill were admitted to be true, and the prayer was assented to, by all except the infant defendants ; who having, by their guardian, declined admitting the same, a commission was issued, and testimony was taken thereunder.

The value of the land was variously estimated by the witnesses, at from $2500 to $3000, and the receipt was given for $571 62.

The counsel for the infants excepted to the testimony, as attempting to vary, explain, or contradict the receipt, which was *written evidence ;* and as attempting to sustain a parol contract relative to the transfer of lands, contrary to the statute of frauds, upon which they said they relied.

The case having been submitted on notes, the chancellor at this term delivered the following opinion :]

———

THE CHANCELLOR :

This is a bill for the specific performance of a parol contract in relation to lands, and of course the plaintiff can only succeed upon the ground of a part execution of the agreement ; and the acts done in part performance, must not only be referrible exclusively to the contract set up in the bill, but the contract must itself be established by evidence—clear, definite and unequivocal in its terms.    Such is the current of all the authorities upon this branch of the jurisdiction of courts of equity. 2 *Story Eq.*, section 762.    *Wingate* vs. *Dail,* 2 *H. and J.,* 76.

It was said by Chancellor Kent, in *Phillips* vs. *Thompson,* 1 *Johns. Ch. Rep.,* 131, that if a party sets up part perform-
21*

ance, to take a parol agreement out of the statute of frauds, he must show acts unequivocally referring to, and resulting from that agreement, such as the party would not have done, unless on account of that very agreement, and with a direct view to its performance, and the agreement set up, must appear to be the same with the one partly performed.

These principles are declared to be recognized by a series of decisions, and in the subsequent case of *Parkhurst and Van Cortland*, reported in the same book, 273, be reaffirms the doctrine of the previous case, and maintains it to be undoubtedly sound.

In the case under consideration, in my opinion, those essential elements of unequivocal certainty in the agreement, and in the acts relied upon as part performance, are not to be found. It certainly does not appear that the possession of the complainant, Joseph Shepherd, is referrible exclusively to an agreement between him and his mother, Mary Shepherd, for the conveyance of the land to him. The consideration to be paid, or which is alleged to have been paid by him, was altogether inadequate, and hence, the effort to eke out that consideration by the attempt to show that she was likewise influenced by deference to the wishes of her deceased husband. In this view, and so far as a desire to comply with the supposed wishes of her husband are concerned, the agreement must be regarded as voluntary, and it is settled, that a court of chancery will not decree the specific performance of a merely voluntary agreement. *Black* vs. *Cord*, 2 *Har. and Gill*, 100.

The agreement in this case, if it can be supported at all, must be supported as an agreement to sell and convey, and such is the nature of the agreement as stated in the bill : which alleges that his mother being anxious that he should hold and enjoy the land in fee-simple, proposed to him, (the complainant,) that if he would relinquish his interest in his father's personal estate, she would sell and convey to him in fee simple, the said land. The question, therefore, is, has the complainant made out in the proof an agreement to sell and convey, and a part performance of that agreement, and above all, has he estab-

lished such agreement and acts of part performance, by that clear and unambiguous evidence which is required by the rule? I think not. It appears to me, that the complainant's case falls below that strict standard of proof, which the most eminent judges have declared to be indispensable, and a strictness, too, which no disposition is manifested to relax, the determination on the contrary being often expressed, not to carry the exceptions of cases from the statute, further than required by former decisions. *Story's Eq.*, sec. 766.

Lord Redesdale, said, in the case of *Lindsay* vs. *Lynch*, 2 *Sch. and Lef.*, 4, that it was absolutely necessary for courts of equity to make a stand, and not to carry the decisions further, a resolution which met the approbation of Chancellor Kent in Parkhurst vs. Van Cortland, already referred to, and which, as it seems to me, must commend itself to all who are not disposed to see the statute frittered away, until no vestige of it shall remain.

In this case we look in vain for that unequivocal evidence of a contract, to sell and convey, as alleged in the bill. It is obvious from the evidence on both sides, that Mrs. Shepherd, the mother, never did consider her power and dominion over the land, as transferred to the complainant. She spoke frequently of her intention to dispose of it by her will, which, upon the supposition that she had contracted to sell and convey, and had received the consideration money, she of course had no power to do. It is also clear from other portions of the proof that the complainant regarded his mother as possessing the power of disposition over the property ; an impression which he could not have entertained, if he considered himself in possession under a valid contract of purchase.

That there was a family understanding, that the complainant was to have this land at the death of his mother, is quite apparent, not only from the evidence of members of the family, but of others ; but I cannot see in the record, that species of proof upon which alone this court is authorized to decree a specific execution of a parol agreement in relation to land, and, therefore, I must dismiss the bill, though there is enough in the

case to induce me to do so without subjecting the complainant to costs.

Some of the defendants, it is true, have admitted the agreement, and consented to a decree; but as the complainant has failed in establishing his case against the infant defendants in a point vital to his right to the interposition of this court, no course is left but to dismiss his bill.

Assuming that the complainant gave the receipt to his mother, in consideration of her agreeing to convey him this land, an assumption, however, of which there is no evidence, his possession, and enjoyment of the rents and profits for four years, according to the proof, has most abundantly reimbursed him, as well as for the improvements which he has put upon the property.

[The decree in this case was reversed on appeal.]