THE   ONONDAGA   COUNTY   MILK   ASSOCIATION, RESPONDENT, *v.* JAMES WALL, APPELLANT.

*What agreement cannot be enforced by one not a party thereto — By-law — effect of.*

The defendant sold three shares of the capital stock of the plaintiff, owned by him, to one Porter, agreeing in and by the instrument of assignment not to engage in the sale or delivery of milk in the city of Syracuse, or in the village of Geddes, " to the prejudice or detriment of the said stock, or the interests of the holder thereof, or the interest and business of the said Onondaga County Milk Association " (the plaintiff). The instrument further provided, as follows: " And for a violation of this agreement, to the detriment of said Porter, or the said Milk Association, the said Porter or the said association shall be at liberty to take such proceeding for restraining me from such violation as shall be deemed proper." The defendant having sold milk in violation of this agreement the plaintiff brought this action to restrain him from making such sales. *Held,* that the plaintiff was not a party to the agreement, and that an action would not lie by it to restrain a violation of the covenant therein contained.

A by-law of the plaintiff provided, that if a stockholder transferred his stock he should sign an agreement not to sell or deliver milk in Syracuse within five years. *Held,* that this did not authorize an application for an injunction by the plaintiff.

APPEAL from an order made at the Lewis Special Term, denying a motion to set aside an order granting a preliminary injunction in this action.

The injunction restrained the defendant from " the sale and delivery of milk within the territorial limits of Syracuse and within the village of Geddes, directly or indirectly, or in any manner whatever."

The plaintiff is a corporation doing business at Syracuse, having a capital of $100,000 represented by stock consisting of shares of $100 each. The defendant, February 21, 1877, owned three

shares of the plaintiff's capital stock, and transferred it to W. W. Porter, by an instrument in writing in the following words, viz. :

"For, and in consideration of, the sum of $300 in hand paid, I hereby sell, assign and transfer to W. W. Porter, three shares of stock, without the assessment, in the Onondaga County Milk Association, now standing in my name ; and, in consideration of the above named sum having been paid to me, I hereby agree and bind myself for the period of five years, from the date hereof, not to engage in the sale or delivery of milk in the city of Syracuse or vicinity, or in the village of Geddes, either directly or indirectly, by myself or agents, in any manner whatever, to the prejudice or detriment of the said stock, or the interests of the holder thereof, or the interest and business of the said Onondaga County Milk Association. And for a violation of this agreement, to the detriment of said Porter, or the said Milk Association, the said Porter or the said Association shall be at liberty to take such proceedings for restraining me from such violation as shall be deemed proper, and to recover such costs and damages as may be awarded by the court."

"In witness whereof I have hereunto set my hand this 21st day of February, 1877. . .

"JAMES WALL."

There was a by-law of the plaintiff which provided, that if a stockholder transfered his stock he should sign an agreement not to sell or deliver milk in Syracuse within five years thereafter.

The complaint and affidavits showed that defendant engaged in selling milk after the 21st of February, 1877, in violation of his agreement.

*Cornelius E. Stephens*, for the appellant.

*Kennedy & Tracy*, for the respondent.

Hardin, J. :

The agreement accompanying the defendant's transfer of three shares of the capital stock of the plaintiff to Porter is made the foundation of this action. By the agreement it is evident that the

defendant owned the three shares of stock in plaintiff's associa-
tion and sold them for $300 to Porter, and at the same time
undertook, for the period of five years, " not to engage in the sale
or delivery of milk in the city of Syracuse," etc.,   *   *   *   " in
any manner whatever, to the prejudice or detriment of the said
stock, or the interest of the holder thereof, or the interest and
business of the said Onondaga County Milk Association."

The sale of stock was to Porter.  He advanced the purchase-
price ; he took the covenant in restraint of business and became
the beneficial party interested in the enforcement of the agreement.
But he was under, so far as the case discloses, no obligation to
require the defendant to abstain from the sale of milk.

The plaintiff did not furnish the consideration moving to the
contract between the defendant and Porter.  It does not appear
that its consent, if given to a transfer of its stock upon its books,
would be any loss or detriment to it.  The agreement made by
the defendant with Porter is not such an one as the plaintiff alone
can enforce.  Porter is not a party to this action ; nor does he
appear in any way to have transferred his rights under the agree-
ment to the plaintiff.  (*Guthrie* v. *Kerr*, Alb. Law Jour., vol.
18, p. 18; *Vrooman* v. *Turner*, 69 N. Y., 280.)

And we do not think the by-law should be construed as having
the effect to authorize an injunction.  The contract was with, and
presumably for the benefit of Porter.  This action is to enforce it,
by restraining the defendant from selling and delivering milk in
violation of his agreement with Porter.  It is settled that chan-
cery will not interfere to enforce a mere voluntary agreement.
There must be a good consideration to support an agreement, and
the plaintiff must have the legal interest in it in order to enforce
it.  (*Minturn* v. *Seymour*, 4 Johns. Ch., 497; *McCotter* v. *Law-
rence*, 4 Hun, 107.)  The complaint and affidavits did not make a
case entitling the plaintiff to an injunction against the defendant, and
the motion to set the injunction aside ought to have been granted.

The order denying the motion should be reversed, with ten
dollars costs and disbursements, and the motion granted vacating
the injunction, with ten dollars costs.

TALCOTT, P. J., and SMITH, J., concurred.

Order reversed, with ten dollars costs and disbursements, and motion granted vacating the injunction, with ten dollars costs.