Reed, J.,
delivered the opinion of the court.
The following instrument in writing was made and by the parties to this suit:
“ This agreement entered into this 22d day of November, 1888, between Robert Goebner of Chaffee County, Colorado, of the first part and W. J. Winter of Arapahoe County, State of Colorado, of the second part, to wit:&emdash;
“ That party of the first part agrees to bond the following named mining property for two years, at and for the sum of Forty Thousand (40,000) Dollars. Name of the properties: The ‘ Isis Lode,’ ‘ Lizzie Lode ’ and ‘ Lottie Lode,’ and also to give a working lease on the above properties for same length of time, holding a one-fifth interest in all net profits accruing from said lease, said mines to be developed for a sale, and all ore taken from said developments to be assorted and shipped as often as profitable and convenient, and that the said Robert Goebner is and will be employed to work on same mines as a miner during such time as the mines are worked. All profits to be divided as soon as received from the mint.
Signed:
Robert Goebner, (seal.)
W. J. Winter, (seal.)
“Witness T. C. King.”
*260 It is alleged in the complaint that defendant declined or refused to make the bond and lease.
That plaintiff had performed all the conditions of the agreement on his part, and avers his willingness to accept the bond and lease; alleges that the defendant was working the mines and taking out large quantities of valuable ore and appropriating the same to his own' use, “ and will continue to do so to the great damage of plaintiff unless restrained by injunction.” It is also alleged that plaintiff, “ relying upon the agreement, has expended one hundred and twenty-five dollars in and about protecting his rights on the premises,” and that, by the failure of the defendant to make the bond and lease, plaintiff had been damaged $5,000.
“ Wherefore, plaintiff demands judgment that the defendant be required to make, execute and deliver to the plaintiff a bond for title, with usual conditions, in, the sum of Forty Thousand (40,000) Dollars; running two years from date of the order of this court, as the purchase price of said Isis, Lizzie and Lottie Lode Mining Claims, and that he also at the same time be required to make, execute and deliver to the plaintiff a working lease for said premises for and during th.e life and term of the bond aforesaid, in accordance with the terms of said agreement and upon his failure to so make, execute and deliver said bond and lease in obedience to the order of this court, that the clerk of this court be empowered to make, execute and deliver said bond and lease in lieu of the defendant, and that the plaintiff be put in the possession of said properties by order of this court. The plaintiff prays that a writ of injunction may issue out of and under the seal of this honorable court, directed to the defendant commanding him, his agent, or agents, attorneys or assigns from working said mines and selling or transferring any ore or ores extracted therefrom until the further order from this court.
“ Plaintiff demands judgment in the sum of five thousand *261 (5,000) dollars, as his damages in the premises, and his costs in this behalf expended.”
A general demurrer was filed for want of equity, or for want of facts to constitute a cause of action, which was sustained by the court.
The judgment upon the demurrer is the only question presented for determination.
The complaint presents, the case in, a double aspect; first, as a case in equity for specific performance; second, as an action at law for damages for breach of contract. The contract is not -one that can be specifically enforced. It is indefinite and vague.
In Pom. Eq. Juris. § 1405, in treating of a contract, where specific performance will be decreed, it is said: “ It must be reasonably certain as to its subject-matter, its stipulations, its purposes, its parties and the*-'circumstances uuder which it was made.” See also Fry on Spec. Perform. § 205; Griffith v. Frederick Co. Bank, 6 Gill & J. 424; Morrison v. Barrow, 1 DeG. F. & J. 633; Pearce v. Watts, L. R. 20 Eq. 492; Allen v. Webb, 64 Ill. 342; Munsell v. Lowe, 21 Mich. 491.
An examination will show its want of definiteness, rendering it incapable of sustaining a decree for specific performance, if not impossible to frame a decree based upon it. There is another insurmountable obstacle in the way of decreeing specific performance going to the validity of the contract sought to be enforced — there is no consideration. ,■ Such contracts to be enforced must be upon a valuable consideration. It is the very foundation upon which a decree must be based. 3 Pom. Eq. Juris. § 1405; Fry on Spec. Perform. § 64; Sheppard v. Sheppard, 1 Md. Ch., 244; Butman v. Porter, 100 Mass. 337.
A promise against a promise is not in this class of cases, as supposed by counsel, a good consideration, nor does the fact that the paper was executed with seals. “ A seal does not, for this purpose, import a valuable consideration: ” Jeffreys v. Jeffreys, Craig & Ph. 138; Minturn v. Seymour, 4 Johns. Ch. 497; Tallmadge v. Wallis, 11 Wend. 106.
*262 As a complaint at law, it is equally fatally defective; first, for want of consideration, being purely voluntary; second, for want of proper allegations of damage, showing how the damage occurred. A general allegation of damage of f 5,000 is insufficient; and as to the f 125 alleged to have been expended, by reference to the allegation it will be seen that it was not paid to the defendant nor used in improving the property, but “ expended * * * in and about protecting his rights on the premises; ” hence, could not be a consideration for the contract. It follows that the judgment upon the demurrer was correct.
Affirmed. ■