[No. 3975.]

## GIBSON V. RIEHLE.

1. SPECIFIC PERFORMANCE—*Contract—Consideration.* Agreement for the exchange of lands. A promise of each to convey, is a consideration for the like promise of the other, sufficient to sustain a bill for specific performance. *Winter v. Goebner,* 2 Colo. App. 259, explained. (128)

2. —— *Mutuality—Conditional Agreement.* Agreement for the exchange of real property, conveyance to be made by each to the other, at a day and place stipulated, provided the property of plaintiff, on inspection, should prove satisfactory. The defendant having before the day appointed for the exchange of conveyances inspected the plaintiff's land, and declared himself satisfied therewith, the covenants thereupon became mutual, and plaintiff was held entitled to enforce specific performance (129, 130)

*Error to the Denver District Court.* HON. JAMES H. TELLER, Judge.

MR. CLARENCE J. MORLEY for plaintiff in error.

MR. WILLIAM A. BRYANS for defendant in error.

MORGAN, J.

The lower court sustained defendant's motion for judgment on the pleadings. Plaintiff brings error. The complaint was for the specific performance of a written contract for the exchange of real property owned by each of the parties, respectively. The answer admits the contract, pleads it *in haec verba,* and alleges, that it is wholly without any valuable consideration, wholly without mutuality, and void, together with other defenses not now involved.

The consideration consisted in the respective promises and agreement to convey, by each party, upon conveyance by the other. Plaintiff's promise and agreement to convey was followed by a proviso, or condition, that defendant's property should prove, on inspection, satisfactory to him. This provision seems to have been inserted because plaintiff had not seen defendant's property at the time the contract was made. The complaint states, however, that, prior to the time set for performance, the plaintiff inspected defendant's property, and notified the defendant that the same was

satisfactory, and that, after so notifying defendant, plaintiff went to the place where it was agreed the contract was to be carried out, on the date agreed upon, ready and prepared to perform his part of the contract, and that defendant did not appear there, and afterward refused to perform his part of the contract; stating, also, that plaintiff is still prepared, able and desirous of carrying out the contract.

There are many reasons why a suit for the specific performance of a contract will not lie, when an action for damages, at law, for a breach thereof, may; but it is our intention to notice none of them except the two that are urged herein, to-wit:

First—Want of a valuable consideration; second, lack of mutuality because of the proviso—as to the plaintiff's promise to convey—that defendant's property should prove satisfactory, on inspection. The lower court based its judgment wholly upon the first, but it is contended here that its judgment should stand for the second reason. It is concluded that neither reason is available to support the judgment on the pleadings.

1. The promise and agreement to convey by each party, respectively, upon conveyance by the other, expressed in the written contract as the consideration for each party's agreement to convey the real property in exchange, was a valuable consideration. Bishop on Contracts (Enlarged Ed.) sec. 76. Parsons on Contracts (9th Ed.), p. 466 et seq. This being true, specific performance could be enforced, so far as the objection as to the consideration is concerned. Pomeroy on Specif. Perf. (2nd Ed.) sec. 57.

Under this contention, defendant in error relies upon the case of *Winter v. Goebner*, 2 Colo. App. 259, 30 Pac. 51, and, it seems, the lower court based its conclusion on the rule announced in that case. The court in that case used the words, "valuable consideration" as contrasted with a naked promise of nothing of value, or a voluntary promise or agreement; and while the court in that case, further said, "a promise

against a promise is not in this class of cases a good consideration," it used the word promise in the sense of a naked promise of nothing of value, against the same kind of a promise, or against a promise of a valuable thing on one side only. The court intended to say that the promises must be mutual, both of a thing of value, in this class of cases; so that either party to the contract may be entitled to the equitable relief of specific performance; thus carrying out the principle that a party coming into a court of equity must be prepared to do equity, and not be permitted to demand of another that which he could not be required to do on his part. 3 Pomeroy's Eq. Juris. (2nd Ed.) sec. 1404 *et seq.*

2. While the proviso, or condition, in the contract, that plaintiff's obligation depended upon his inspection of defendant's property, and upon its being satisfactory to him, may have destroyed the mutuality thereof at its inception, and, in effect, may have rendered plaintiff's promise to convey optional with him, and also made the contract unilateral and conditional in form, nevertheless, he alleges sufficient facts as above mentioned to remove this bar to mutuality, and to establish absolutely mutual engagement, prior to the time set in the contract for the complete performance thereof at which time the conveyances were to be made. It is true, it is the general rule, that the mutuality must be determined as of the time when the contract is executed, but there are several well defined exceptions to this general rule, and plaintiff's allegations, as above referred to, bring this contract directly within one of these. Mr. Pomeroy, in his work, says: "These exceptions are well established; many of them are common and familiar." Referring to that species of exceptions—"contracts unilateral in form"—he says: "Among the examples of this species are those contracts by which the party, upon whom alone an obligation arising from the express stipulations rests, covenants or promises to do or to forbear from, some specified act, upon the request of the other; and those by which the party making an offer, covenants or promises

to do or to omit some act, upon the assent or acceptance of the person to whom the offer is addressed, and those in which the party confers an *option* upon the other. The contracts of this kind are, in reality, conditional agreements. Upon the happening of the condition—that is, upon making the request, giving the assent, or declaring the option—they become absolute, and in many instances mutual in their obligation." Pomeroy on Spec. Perf. of Contracts (2nd Ed.) secs. 168, 169, and authorities cited in note (1), pp. 236, 7, where the authorities *contra* are also discussed. Fry on Spec. Perf. (3rd Ed.) sec. 465, p. 218, and note 4, where, illustrating, it is said: "Where a conditional contract had become absolute by the exercise of an option of purchase." See also Pomeroy's Eq. Jur. (2nd Ed.) sec. 1405, p. 2162, and note 1, p. 2163, distinguishing the general rule, the author quotes: "Where the plaintiff has already complied with the unenforceable condition, the objection of want of mutuality cannot be made." *Woodruff v. Woodruff,* 44 N. J. Eq. 349, 16 Atl. 4, 1 L. R. A. 380; *Wilks v. Georgia P. R. R. Co.,* 79 Ala. 180; *Welch v. Whelpley,* 62 Mich. 15, 28 N. W. 744, 4 Am. St. Rep. 110

While the foregoing authorities have met with some opposition, in the past, our courts seem to follow them quite directly. See *Gordon v. Darnell,* 5 Colo. 302; *Frue v. Houghton,* 6 Colo. 318; *Wood et al. v. Casserleigh,* 30 Colo. 287, 71 Pac. 360, 97 Am. St. 138; *Rude v. Levy,* 43 Colo. 432, 96 Pac. 560, 24 L. R. A. 91, 127 Am. St. 123.

So, where a written contract for the exchange of real property expresses the consideration as the respective agreements and promises to convey of both parties, upon conveyance by the other, specific performance may be enforced, other necessary elements appearing, although the promise and agreement to convey by one of the parties, who is the plaintiff, is followed by a clause expressing a condition that the property of the other shall, on inspection, prove satisfactory, if the plaintiff alleges and proves that he inspected the said property and accepted it as satisfactory and so notified the defendant,

all prior to the time set in the contract for the performance thereof, in the absence, of course, of any other obstacle otherwise than the two interposed herein, and disposed of by this opinion.

The judgment on the pleadings is, therefore, reversed, and the cause remanded.