[No. 8599.]

## MOUNTZ V. DE BAR.

PLEADINGS—*Damages Must Be Alleged.* Action for specific performance, the complaint alleging merely "that plaintiff will suffer great damage" if the agreement be not performed; *held* not an allegation of fact, but a prophecy; that to direct an assessment of damages, on denying the relief prayed, was error. (365.)

*Error to Denver District Court.* Hon. J. E. LITTLE, Judge. *Department.*

Mr. FRANK MCLAUGHLIN, for plaintiff in error.

Mr. FRANK S. TESCH, for defendant in error.

Opinion by Mr. Justice TELLER.

The defendant in error brought suit against the plaintiff in error for specific performance of a contract for the exchange of lands.

The trial court found that as a matter of law the plaintiff was not entitled to specific performance of the contract in question for several reasons; the first of which, as stated was: "That the evidence is not sufficient to justify a decree of specific performance." He then submitted the case to the jury on the question of damages, to which the defendant duly excepted. The jury returned a verdict for the plaintiff and assessed his damages at $900. Judgment was entered for that amount.

Counsel have discussed a number of alleged errors in the record, but in the view which we take of the case it will be necessary to consider only one of them, viz: the trial of an issue as to damages in an action wherein the complaint alleged no damages.

The complaint sets out the contract sought to be enforced, plaintiff's ability and readiness to perform, defendant's refusal to perform, alleges "that plaintiff will suffer

great damage and irreparable loss if said agreement is not carried out and performed by said defendant," and prays for a decree compelling specific performance by defendant.

There is no allegation that damages had been suffered, no statement as to the value of the properties to be exchanged, and no prayer for damages.

It is true, as counsel for defendant in error states, that damages may be awarded when there is no prayer for damages, but that is only when the complaint contains matter from which the fact of damage and plaintiff's right to recover the same can be spelled out of the allegations of the complaint.

To permit the trial of an issue of damages when no damages have been alleged or even suggested in a complaint, and when there is no prayer for damages, is to violate one of the fundamental rules of pleading, i. e. that the complaint should aprise the defendant of the issue he has to meet on the trial.

The complaint merely alleges that plaintiff will suffer damage if the defendant be not compelled to perform; but that is only a prophecy, and is not an allegation of a fact upon which an issue may be made. In *Tucker v. Parks,* 7 Colo. 62, 1 Pac. 427, this court said:

"It is a familiar rule that evidence cannot be given of facts not alleged in the pleadings, and that neither admissions nor stipulations can make a case broader than it is by allegations. Neither can a party have relief beyond what the averments of his pleadings entitle him to."

In *Bohall v. Diller,* 41 Cal. 532, the complaint contained a prayer for damages in a specified sum for breach of contract, but no further reference to damages was made. Held that damages could not be recovered.

In *Winter v. Goebner,* 2 Colo. App. 259, 30 Pac. 51, affirmed in 21 Colo. 279, 40 Pac. 570, it was held that the complaint was fatally defective "for want of proper allega-

tions of damage showing how the damage occurred. A general allegation of damage of $5,000.00 is insufficient."

In *Rubie C. G. M. Co. v. P. A. G. M. Co.,* 31 Colo. at page 162, 71 Pac. 1122, it is said:

"It is not necessary, under the facts of this case, to determine whether, if the complaint contained the necessary averments, the court might award the plaintiff relief in the way of damages. The pleading was framed entirely upon the theory that plaintiff was entitled to a rescission, and there are no allegations upon which a judgment awarding damages could be rendered, even if the proof showed plaintiff was entitled thereto. Courts have sometimes awarded to a plaintiff damages when in his complaint he asks both legal and equitable relief, when the latter could not be given, but it is only where plaintiff in his complaint has shown that he is entitled to that kind of relief."

While this court is not disposed to adhere to old technical rules of pleading, the reasons for which have ceased to exist, it must enforce the rules which are necessary to define the issues upon which trials are to be had.

In this case no issue as to damages was presented, and the court erred in submitting the question to the jury over the objection of defendant's counsel.

The judgment is reversed, and remanded to the District Court with leave to defendant in error to amend his pleadings as he may be advised.

*Judgment reversed.*

Chief Justice GABBERT and Mr. Justice HILL concur.