No. 10,285.

RUDE, ET AL. *v.* WAGMAN, ET AL.

Decided June 5, 1922.   Rehearing denied July 3, 1922.

Action for appointment of a receiver for corporation and for an injunction. Judgment for plaintiffs.

*Reversed.*

*On Application for a Supersedeas.*

1.  CORPORATIONS—*Suits by Stockholders.* Without a showing that the corporation cannot, or will not bring an action to prevent or redress supposed injuries, a court of equity cannot appoint a receiver at the suit of a minority stockholder and thus take the management of the corporation out of the hands of its directors and stockholders, even for a limited time.

*Error to the District Court of the City and County of Denver, Hon. Clarence J. Morley, Judge.*

Mr. J. E. ROBINSON, for plaintiffs in error.

Mr. WILLIAM H. DICKSON, for defendants in error.

MR. JUSTICE WHITFORD delivered the opinion of the court.

THIS action was instituted by Abner Wagman, Plaintiff, v. The Marshall Coal Company, I. Rude, Otto Hasbach, and N. Weinberg, Defendants. The defendants Rude and Weinberg were minority stockholders of the defendant corporation.

The complaint alleged that the plaintiff "brings this action as president and a director of the company and as a stockholder and as a creditor for and on his own behalf, and on behalf of all other creditors and stockholders." The prayer was for the appointment of "a receiver to take charge of the property and assets of the defendant The Marshall Coal Company for the purpose of preserving and protecting the same from the waste and depreciation, injury and damage now resulting through the wrongful acts of the individual defendants," and for an injunction against the individual defendants, and for an accounting between the three individual defendants and the defendant Coal Company, and for costs and general relief. The three individual defendants interposed a general demurrer to the complaint on the grounds that the facts therein alleged were insufficient to entitle the plaintiff to an injunction, or to the appointment of a receiver of the defendant company. The demurrer was overruled, and after answers filed and a hearing, a receiver was appointed. To review that order defendants bring error and ask for a supersedeas.

The demurrer should have been sustained. The averments of the bill are insufficient to give the plaintiff as a stockholder a sufficient status to maintain the action.

It is elementary that:

"The right of a stockholder to sue in equity to prevent or redress injuries to the corporation, * * * is not unlimited, but depends upon his inability to obtain relief

through the corporation or its officers. The right to sue is primarily in the corporation; and in order that a stockholder may sue in his own name, he must show in his bill or complaint that he has made every reasonable effort, in good faith, to obtain relief within and through the corporation by requesting the directors or other officers to sue or take other proper steps, and, on their refusal to do so, by applying to the stockholders; or else he must show that such a request and application would be useless because the directors and majority of the stockholders are themselves guilty of the wrongs complained of, or because the directors refuse to act, or are guilty of the wrongs, and there is no time or power to call a meeting of the stockholders, or because the majority of the stockholders are parties to or approve the wrongs, etc. Without such a showing as this, a bill or complaint by a stockholder, where the injury is to the corporation, is demurrable." Clark and Marshall on Corporations, Sec. 543.

There was an entire absence of these essential allegations in the bill which were necessary to establish the right of the plaintiff to maintain the suit. No showing whatever was made why the corporation did not or could not bring the action to prevent or redress any supposed injuries to the corporation. Without such a showing a court of equity cannot appoint a receiver at the suit of a minority stockholder and thus take the management of the corporation out of the hands of its directors and stockholders, even for a limited time.

The supersedeas will be denied and the judgment is reversed, and the cause is remanded to the court below with directions to require the receiver to deliver the possession of all the property and assets received by him as such receiver to the person from whom he acquired such possession, and to discharge the receiver and to dismiss the complaint.

Supersedeas denied, judgment reversed and remanded.

MR. JUSTICE TELLER and MR. JUSTICE DENISON concur.