## No. 10,285.

### RUDE, ET AL. *v*. WAGMAN, ET AL.

Decided February 4, 1924. Rehearing Denied March 3, 1924.

On petition for citation to show cause. District Court · directed to entertain necessary proceedings.

1.  RECEIVERS—*Illegal Appointment—Expenses*. Where on review it was held that a receiver had been appointed without legal authority, the appointing court could not lawfully authorize the reeciver to pay the expenses of the unwarranted receivership out of receivership property.

*Error to the District Court of the City and County of Denver, Hon. Clarence J. Morley, Judge.*

Messrs. DANA, BLOUNT & SILVERSTEIN, for petitioners.

Mr. WILLIAM H. DICKSON, Mr. HARRY G. SAUNDERS, for respondents.

*Department Two.*

MR. JUSTICE WHITFORD delivered the opinion of the court.

THIS controversy arises out of a case once before this court, where we reversed an order appointing a receiver of certain coal properties, reported under the title *Rude v. Wagman*, 71 Colo. 499, 207 Pac. 992.

The receiver took possession of the property and operated the coal mine, from which he received a considerable sum of money. The mandate of this court in that case directed the district court to require the receiver to deliver possession of all the property and assets to the person from whom he acquired such possession, and to discharge the receiver and dismiss the complaint, and by a subsequent order, upon a citation, the district court was directed to make the necessary orders to put Rude, the plaintiff in error, in possession of all the property of which the receiver was possessed. Thereafter the district court made an order allowing the receiver to retain nearly $4,000 received by him from the operation of the coal mine, out of which he paid himself as receiver $150 per month for the period of his receivership, and also a like sum for a similar period to respondent Saunders as attorney for the receiver. A citation issued to the judge of the district court, the receiver and attorney, to show cause, for the purpose of obtaining a review of this order of the district court.

The question is, may the court lawfully authorize a receiver to pay himself and his attorney out of the funds of the receivership, derived from the operation and depletion of the mine, carried on by him after his appointment, where the averments of the complaint show insufficient facts to

authorize the appointment of a receiver? We think not. The appointment was made over the objection of the plaintiff in error, and without the authority of law, as shown by the complaint. The appointment was not made at his instance or by his consent or for his benefit, and his property having been taken from his possession by an unauthorized proceeding, it was an invasion of his rights, and he cannot in law be required to surrender it to pay the expenses of the unauthorized and illegal receivership proceedings.

In *Hendrie & Bolthoff Mfg. Co. v. Parry,* 37 Colo. 359, 365, 86 Pac. 113, 115, we said: "It has been ruled that a plaintiff who improperly secures the appointment of a receiver, and not the defendant whose property is wrongfully taken from him, is liable for the legitimate expenses of such receivership."

The plaintiff in error was entitled to have restored to him all of the money paid to the receiver and his attorney, and the district court will entertain such proceedings as may be necessary to give effect to the orders of this court.

MR. CHIEF JUSTICE TELLER and MR. JUSTICE DENISON concur.