## No. 10,285.

### RUDE, ET AL. *v.* WAGMAN, ET AL.

Decided November 23, 1925.  Rehearing denied December 14, 1925.

On citation for contempt.  Respondent discharged.

*Reversed.*

1. APPEAL AND ERROR—*Supreme Court Judgment.*  Where the Supreme Court on review, ordered property in the hands of a receiver who had been illegally appointed, to be turnd back to the owner, failure of the lower court to compel an attorney to turn over receivership funds which had been paid him as fees, held a palpable disregard of the mandate of the reviewing court.

*Error to the District Court of the City and County of Denver, Hon. George F. Dunklee, Judge.*

Messrs. DANA, BLOUNT & SILVERSTEIN, for plaintiffs in error.

Mr. C. A. IRWIN, Mr. CHARLES E. ROBERTS, for defendants in error.

*Department Two.*

MR. JUSTICE WHITFORD delivered the opinion of the court.

THIS hearing is on the return to a citation to the district court of the City and County of Denver and respondent Saunders, to show cause why they should not be adjudged guilty of contempt for their failure to obey a mandate of this court made on a former review.

When the case was first here (*Rude v. Wagman,* 71 Colo. 499, 207 Pac. 992) we reversed the order of the district court appointing a receiver of certain coal properties, holding that the court was without jurisdiction, under the cir-

cumstances there disclosed, to appoint a receiver, and directed the lower court to require its receiver to deliver possession of all of the property and assets of the coal company in his hands as receiver, to the person from whom he had taken it, and to discharge the receiver and dismiss the complaint. The district court having failed to comply with the order, we issued a citation to the lower court directing it to make the necessary orders to put the plaintiff in error, Rude, in possession of all of the property of which the receiver was possessed. The physical property of the coal company was restored to Rude, as directed by this court, but the moneys in the hands of the receiver, arising from the operation of the coal properties under a lease executed by the receiver, were by order of the district court retained by the receiver, as fees, for himself and respondent Saunders, as attorney for the receiver, to the extent of $1,350 each. Thereupon another citation was issued out of this court, to the judge of the district court, to the receiver, and to respondent Saunders, to show cause, and upon the hearing of the returns thereto it was held that the taking of Rude's property, by an unauthorized proceeding, was an invasion of his rights, and that he could not be required to surrender it to the receiver and his attorney as compensation to them in the illegal receivership proceedings, and that Rude was entitled to have restored to him all of the moneys paid to the receiver and his attorney, and the district court was therefore ordered to entertain all necessary proceedings to give effect to the order of this court. *Rude v. Wagman,* 75 Colo. 12, 223 Pac. 746.

After issuing the mandate to the lower court, the district court, entered an order requiring Saunders, as attorney for the receiver, to pay into the registry of the court, for the use of Rude, $1,350. The order being ignored by Saunders, the district court issued its citation to him to show cause why he should not be dealt with as for contempt. Upon the hearing of the return in the district court, it appeared from the testimony of Saunders that he owned real and personal property, including money

in bank, valuable shares of corporate stock and bills receivable in excess of $1,350. In the face of these admissions under oath by Saunders, the district court made its finding in favor of the respondent and entered judgment discharging him. This judgment of the district court is now before us for review, upon a citation to show cause.

The pretended findings of fact and order of the district court was a clear, plain, palpable disregard of the mandate of this court. The admission of the respondent, under oath, that he had money, owned real estate and valuable shares of stock and bills receivable in an amount several times the sum of $1,350, is conclusive evidence of the ability of respondent Saunders to pay into the registry of the court the moneys belonging to Rude. The admission of Saunders, under oath, in open court, that he was possessed of money and property was the highest kind of evidence. The truth of the fact was out of his own mouth. The fact was plain; the proof was clear; the court could not blind itself to such conclusive evidence. The trial court was without discretion in the matter. It could neither evade nor disregard the proof. Its only duty under the mandate of this court was to declare judgment according to the facts admitted by the respondent, under oath, in open court.

We trust it will not be necessary for this court to resort to extreme measures to effect a compliance with the mandate of this court. However, the mandate must be complied with by the district court, without any evasion whatever.

The judgment of the district court discharging the respondent is reversed and remanded, with directions to the district court to commit respondent Saunders until he complies with the order of that court, by paying into the registry of the district court $1,350.

MR. CHIEF JUSTICE ALLEN and MR. JUSTICE DENISON concur.