## No. 11,827.

### LEVAND v. NORTH AMERICA REALTY CO.

Decided June 13, 1927.

Action for specific performance. Judgment for plaintiff.

### *Affirmed.*

### *On Application for Supersedeas.*

1. SPECIFIC PERFORMANCE—*Contract.* The remedies reserved in the contract to a vendor of land are not exclusive and do not prevent a court of equity from enforcing specific performance.

2. CONTRACT—*Construed.* Contract for the purchase of realty on installments held to be bilateral and not a unilateral contract.

3. VENDOR AND PURCHASER—*Contract—Execution.* A purchaser of land who insists that the agent sign the contract of sale, may not complain because it was not signed by the principal.

4. PRINCIPAL AND AGENT—*Contract—Ratification.* Bringing suit for specific performance of a contract amounts to ratification by plaintiff.

5. CONTRACT—*Mutuality.* Mutuality of remedy need not exist at the inception of a contract but may be supplied by voluntary performance on the part of the party seeking to enforce it, if unilateral or not specifically enforceable by both parties when executed.

6.    *Specific Performance.* That a contract is unilateral at its inception is not conclusive of the right of either party to secure specific performance.

7.    SPECIFIC PERFORMANCE—*Evidence.* In an action for specific performance of a contract for the purchase of realty, evidence offered for the purpose of showing that defendant could not compel plaintiff to convey the property, held properly rejected.

8.    WITNESSES—*Credibility.* The question of the credibility of witnesses is for the determination of the trial court.

9.    APPEAL AND ERROR—*Conflicting Evidence.* The Supreme Court will not interfere with conclusions reached by the trial court on conflicting evidence.

*Error to the District Court of the City and County of Denver, Hon. James C. Starkweather, Judge.*

Mr. JOHN T. BOTTOM, Mr. PAUL F. IREY, Mr. J. W. KELLEY, for plaintiff in error.

Mr. LAWRENCE LEWIS, for defendant in error.

*En Banc.*

MR. JUSTICE SHEAFOR delivered the opinion of the court.

THE defendant in error was plaintiff below, plaintiff in error was defendant, and the parties will be so designated here. Suit brought for specific performance of contract.

The defendant signed a contract agreeing to purchase from the plaintiff certain real estate in the city of Denver, the consideration being $3,000, $100 to be paid at the time of the execution of the contract, $900 at the time of the execution and delivery of the deed, and $2,000 at a later period, to be evidenced by a promissory note secured by trust deed on the property. Trial to the court without a jury, findings and judgment for plaintiff, and defendant brings the case here. Defendant applies for

a supersedeas, and the parties have stipulated that the case may be disposed of on this application.

Two propositions only are presented and argued by defendant, the first being that the contract is a unilateral one, unreasonable, and should not be enforced in a court of equity, in that the contract provides that in the event of its violation the remedy should be an action for damages.

The second proposition of defendant is that the trial court erred in finding and entering a decree for the plaintiff, because there was no meeting of the minds as to the subject matter of the contract.

The evidence shows, or tends to show, that on April 3, 1926, the contract was signed by defendant and by one Marquardt, as agent for the plaintiff, the plaintiff being a foreign corporation authorized to do business in Colorado; that the contract was executed in defendant's office while he, Marquardt, and one Todd were present, Todd being a broker, having had listed with him the property described in the contract, and other properties belonging to the plaintiff, in Denver. It appears that defendant made some objections to the contract as first presented, and insisted that one certain paragraph be stricken out, which was done. The contract was changed in some other respects and finally signed by the parties, and defendant paid to Marquardt for the plaintiff the $100 stipulated. The contract was executed in duplicate, the defendant given one and one retained by Marquardt for the plaintiff. It appears that the defendant read the contract before he signed it. A provision appears in the contract in substance that if the vendee shall fail to make the payments specified in the contract, or shall fail to perform any of the other conditions to be kept and performed, on his part, then, at the election of the vendor, the whole amount should become due and payable, and collectible in a suit at law, or, at the option of the vendor, the contract should become forfeited, and terminated, and the vendee should forfeit all payments made on the

contract, which should be retained by the vendor in satisfaction of liquidated damages sustained by it.

The evidence further shows that after the execution of the contract, and about five or six o'clock in the evening of that day, Todd, at defendant's request, took defendant out to see the property described in the contract. As to what occurred when the parties reached the property, the evidence is conflicting. Todd testified that defendant remarked that the property ought to be worth $3,000, and so far as he could recollect made no objection to the property, and made no claim that the property was other than what defendant thought he was buying. Defendant testified that it was not the property he thought he was buying, that the property was not worth anything, and that he would not take it, and that plaintiff could keep the $100.

The clause which was stricken out of the contract at defendant's request was one which required that the contract should be sent to the plaintiff for execution, defendant insisting, as the evidence tended to show, that the contract should be signed and made a binding contract at the time he signed it, and that Marquardt should sign for the company, which was done. The clause stricken at defendant's request reads, "It is also understood and agreed that this contract shall not be binding upon the vendor until duly executed by the vendor at Milwaukee, Wisconsin."

It appears further that the company ratified the contract, prepared the note, trust deed and special warranty deed, the latter duly executed by plaintiff, and sent them to the Denver National Bank with instructions to notify defendant to call and execute the note and trust deed, and also sent to the bank the abstract of title to be delivered to defendant for examination. It further appears that the bank notified defendant, and he then refused to execute the papers, making some objection, but not objecting on the ground that the property was not the property which he thought he was buying, or that there

was any mistake concerning the description of the property. Later it appears that Todd took the abstract to defendant, and defendant instructed him to take it to his attorney, Mr. Bottom. This was probably a week or ten days after the execution of the contract. There was evidence tending to show that defendant made no objection to closing the deal on the ground that a mistake had been made in the property, or that the deed did not describe the property which defendant thought he was buying, until the day of the commencement of the trial in this action when defendant presented to the court an amendment to the answer which set up in substance that the property described in the deed and contract was not the property which defendant thought he was buying, but that defendant thought he was buying a property which Todd had shown him before that time. The court permitted the amendment, and the trial proceeded. It appears further from the record that Todd at the time of the trial was in jail charged with conspiracy in the use of the United States mail to defraud. Three witnesses were called on behalf of defendant who testified that Todd's general reputation for truth and veracity was bad. One witness, Mr. E. M. Sabin, who was called, testified that his general reputation for truth and veracity was good. Mr. Sabin at the time was the attorney for Todd in the conspiracy case.

Marquardt testified that before the contract was signed he asked defendant if he wanted to go and see the property, and that defendant replied in substance that he did not, as he was familiar with it. Defendant claims that in saying that, he was referring to the property that he thought he was buying, and not that described in the contract, as that property he claims to never have seen. The trial court found specifically that the contract "was in all respects a fair and reasonable contract, and was duly executed by the parties thereto, fully knowing what they were doing, * * *, that immediately after the contract was signed the defendant, Levand, was taken

to the property included in the contract, and saw the same. And it further finds specifically that no objection was made by the defendant Levand on the ground that any mistake had occurred in reference to the subject matter of the contract until it was raised by an amendment to the pleadings at the time of the trial of this case.''

1. The remedies reserved to the vendor, in the contract, are not exclusive, and do not prevent a court of equity from enforcing specific performance of the contract. We think the contract was binding upon both parties at the time of its execution. It is a bilateral, not a unilateral contract. The defendant is not in a position to complain of the fact that the contract was not signed by the plaintiff at its headquarters in Milwaukee, having insisted that Marquardt should sign and make the contract binding at the time, and of course the bringing of the present action by the plaintiff would be a ratification of Marquardt's act.

However, it does not seem to be essential that the mutuality of remedy should exist at the inception of the contract. Mutuality may be supplied by voluntary performance on the part of the party seeking to enforce it if the contract is unilateral or was not specifically enforceable by both parties at the time of its execution. If the contract was unilateral at its inception, that would not be conclusive of the right of either of them to subsequently secure specific performance. 25 R. C. L. p. 234.

This court has held that ''While the general rule requires mutuality of obligation, as well as mutuality of remedy, to authorize a specific performance, yet the doctrine is greatly narrowed by numerous exceptions and limitations found in the decided cases.'' *Frue v. Houghton,* 6 Colo. 318.

See also *Gibson v. Riehle,* 26 Colo. App. 127, 140 Pac. 933, where it is said, ''Where the plaintiff has already complied with the unenforceable condition, the objection of want of mutuality cannot be made.''

It has been held, "It will also be discovered, upon reading the earlier cases, that nothing more was intended by the frequently repeated statement that mutuality of remedy is necessary, than that it exist at the time the court is asked to protect and enforce the rights of the parties by its decree." *Brown v. Munger,* 42 Minn. 482, 487, 44 N. W. 519, 521.

We think the court did not err in holding the contract enforceable, and was right in rejecting the evidence offered for the purpose of showing that defendant could not compel plaintiff to convey the property.

2. It is urged that defendant was not contradicted except by the impeached witness Todd, but we think this is incorrect. It appears he was contradicted by the witness Marquardt. However, in any event, the sole question was one of fact for determination by the trial court. That court had before it the witnesses, and although there was testimony tending to impeach the witness Todd, the trial court could still determine the credibility of the witnesses from all the facts and circumstances, as well as from the appearance of the witnesses, and their manner of testifying. This court has so often held that where, as here, the evidence is conflicting, we cannot interfere with the conclusion reached by the trial court, that a citation of authorities is unnecessary.

There seems to be sufficient evidence to sustain the findings and decree of the court, and the judgment should therefore be affirmed. Affirmed.

MR. JUSTICE WHITFORD not participating.