No. 11,983.

Levand v. North America Realty Co.

Decided October 8, 1928. Rehearing denied October 29, 1928.

Mr. John T. Bottom, Mr. J. W. Kelley, Mr. Paul F. Irey, for plaintiff in error.

Mr. Lawrence Lewis, Mr. William M. Bond, for defendant in error.

*Department Two.*

Mr. Justice Campbell delivered the opinion of the court.

On December 24, 1926, a decree was entered by the Denver district court in favor of the defendant in error realty company, plaintiff below, against the plaintiff in error Louis Levand, defendant below, requiring defendant to make performance of his covenants in a contract of sale of real estate which he made with the plaintiff. To this decree defendant Levand prosecuted his writ of error to the Supreme Court with the result that on June 13, 1927, the decree was affirmed in its entirety and the cause was remanded to the district court. *Levand v. Realty Co.*, 82 Colo. 121, 257 Pac. 355. . After the same reached the district court, the plaintiff company demanded of defendant performance of each and every re-

quirement of the decree. One of the things which the decree required Levand to do was to procure and deliver to the plaintiff company a policy of fire insurance on the improvements on the property in the sum of $1,800. There are other provisions in the decree, but we do not understand that the defendant claims that he could not make compliance therewith, but that it was impossible for him to obtain from any reputable or safe insurance company a policy for $1,800 upon these improvements because their value did not exceed $250. He therefore declined to comply with the provisions of the decree, and the plaintiff company had him cited for contempt. In support of his refusal the defendant produced evidence, which seems not to be contradicted, that literal or full compliance with the requirement as to insurance could not be made. Affidavits to this effect sufficiently disclose this to be true. Defendant produced also the affidavit of one of his counsel to the effect that plaintiff's witness Todd, at the original trial in the district court, had thereafter stated that he had testified falsely, and that it was largely on his testimony that the unfavorable decree against the defendant was rendered. Affidavits were also filed that Todd, after his testimony had been given, was informed against in the Denver district court and convicted of a confidence game and sentenced to serve a term in the penitentiary, and on writ of error to the Supreme Court by Todd, judgment was affirmed. Upon the hearing of this citation for contempt the trial court, basing its decision on the case of *Rude v. Wagman,* 78 Colo. 317, 241 Pac. 720, held that it was without jurisdiction to do other than enforce the decree precisely as affirmed by the Supreme Court in each and all of its provisions. The record shows that the attorney for plaintiff realty company at this hearing upon the requested enforcement, suggested to the trial court that plaintiff was not desirous of requiring the defendant Levand to do an impossible thing, and that it was willing that the decree might be modified to the extent of providing that Levand be re-

quired to insure the property for $1,800, or such lesser sum as he is able to procure from a reputable insurance company, whereupon counsel for the defendant suggested that if the decree could be modified at all in any respect it could be modified in all particulars where equity and justice demand it; but the court declined even to make the modification suggested by plaintiff's counsel and, therefore, denied the defendant's request for a modification and required the defendant within a designated time to make full performance with each and all the provisions of the decree, whereupon the defendant sued out the pending writ of error for a review of the court's enforcement order. We proceed to consider defendant's objections.

The only requirement of the sale contract that was, at the time of the hearing, impossible of full performance was as to the amount of the insurance. The requirements such as money payments, acceptance of the deed of conveyance, the execution of promissory notes for deferred payments and a deed of trust, all were within Levand's power to perform. There is a distinction between the Rude judgment and the judgment in this case. In the Rude case our direction to the lower court was specific and the respondent was required to do clearly expressed things. In the case in hand our affirmance of the judgment upon the former hearing contained no direction as to specific things that were to be done by the judgment debtor. Defendant's counsel say in their brief here that since Todd's credibility as a witness was impeached and the judgment complained of was procured thereby, it would be highly inequitable now to enforce this judgment depending upon such testimony. Counsel overlook the fact that on our former review we held that Todd was contradicted by the witness Marquardt, so it is not true that the decree was not sustained by the evidence. On the record before it the trial court could not properly set aside the former decree in its entirety against the plaintiff's objection. Even though a court of equity has control of its own decrees, it should not set them aside in vio-

lation of a statute. Section 81 of our Code of Civil Procedure we think is applicable here. Among other things it provides that when, for any cause satisfactory to the court, the party aggrieved has been unable to apply for the relief sought during the term at which a judgment was taken, the court or judge may grant relief upon application made within a reasonable time not exceeding six months after the adjournment of the term. The defendant has not made it appear here affirmatively that he did not know within six months after the adjournment of the term at which this judgment was rendered of the things which he now says make it inequitable to enforce it. He had his remedy under the Code and did not avail himself of it, and it is too late upon this hearing and in this proceeding for him to be discharged from all the provisions of the decree. We think, however, considering the offer of the plaintiff at the trial to waive strict enforcement as to the insurance, the court should not have enforced the decree in its entirety, but only with the modification suggested and proposed by plaintiff's counsel. The practice, we think, permits this court upon review to modify this decree not in its entirety, but as to the insurance provision, acquiesced in by plaintiff. The decree, therefore, will be modified to the extent only of not requiring the defendant to procure an insurance policy for the full sum of $1,800, but only for such lesser sum as he may be able to secure from a reputable insurance company, and as thus modified the judgment will be, and it is, re-affirmed. It would be unjust to tax the costs of this review, or any part thereof, to the plaintiff because it was content with a decree such as we think the district court was—with plaintiff's consent given, and which the defendant would not accept—authorized to enter and which we now direct it to render. The costs of this review will be taxed to the plaintiff in error. Judgment modified and affirmed as thus modified.

Mr. Chief Justice Denison, Mr. Justice Adams and Mr. Justice Butler concur.