## No. 15,123.

Box *v.* Roberts.
(148 P. [2d] 810)

Decided March 13, 1944.

Mr. WILLIAM A. BRYANS, for plaintiff in error.

Messrs. LINDSEY & LARWILL, Mr. D. K. WOLFE, JR., Mr. E. C. BURCK, for defendant in error.

*En Banc.*

MR. JUSTICE HILLIARD delivered the opinion of the court.

AN action for damages grounded on deceit, or in fraud. For the reason that the complaint failed to state facts sufficient to constitute a cause of action, a demurrer was interposed. The demurrer was sustained, with leave to plaintiff to file an amended complaint, of which there was avail. Defendant demurred to the amended complaint on the same ground as to the original, and upon the further ground that "plaintiff has no legal capacity to sue." That demurrer was sustained, and plaintiff electing to stand on her complaint, judgment was duly entered for defendant. Were the court's rulings correct? We are disposed to the view that they were.

It appears from the original, as well as from the amended, complaint, that during the period involved, plaintiff was the owner of all the stock of the William A. Box Iron Works Company, a corporation; that she was secretary and treasurer thereof, and a director. Her salary as an officer was fixed at $100 per month.

Through her stock ownership her control of the corporation was complete. Both the stock and control became vested in her upon the death of her husband, William A. Box. Sometime prior to the death of plaintiff's husband, the corporation became indebted to defendant, said indebtedness being evidenced by a note secured by a trust deed. The indebtedness being overdue, defendant, according to the original complaint, lulled the plaintiff into a feeling of security, telling her, while pretending to act as a business counselor and friend, that under certain conditions, he would protect the assets of the corporation and extend the time of payment on the note. These conditions were, in effect, the turning over to defendant the entire assets, business and control of the corporation, and, complying therewith, plaintiff was damaged through the deceit and fraud of defendant in the sum of $100,000.00. The amended complaint added other details of damage, and further alleged that defendant had failed to perform as allegedly promised.

■ In disposing of this matter we deem it necessary to consider the original complaint only. The fundamental error is common to both complaints, and error is specified to the ruling thereon as well as to the disposition of the demurrer to the amended complaint; however, the authorities cited supporting the amended complaint have been examined.

The demurrer to the original complaint was that it did not state facts sufficient to constitute a cause of action. In its ruling upon the point, the trial court, as set forth in plaintiff's brief, said in part: "It is quite obvious that these allegations do not state a cause of action. Plaintiff's brief repeatedly stresses the fact that the allegations are that defendant overreached plaintiff while professing to act as her friend. It is nowhere alleged that defendant failed to extend his loan as he had promised; it is nowhere alleged what the papers of the company were, nor in what respect, other than the extention of the loan, defendant failed to preserve the

assets of the company, nor what his duty was in that respect, but even if these allegations were amended it is obvious that the action cannot be brought by plaintiff as an individual; though the promises were made to her as a person, of course, they caused her to do acts which she could only do as a director. The complaint does not show that the acts she did were improperly induced, and even if they were they were acts of the company through her as a director, and any damages sustained were to the company. Plaintiff's indirect loss in the value of her stock was of course personal, but the cases cited by plaintiff's counsel show conclusively the well known rule that such an action cannot be brought by plaintiff as an individual, but must be brought through the corporation. Defendant's brief supporting the demurrer thoroughly states the law. Of the cases cited the most pertinent is *Green v. Victor Talking Machine Co.,* 24 Fed. 2d. 378."

We concur in the view expressed by the trial court, that the Green case is in point. In exposition thereof counsel for defendant have fairly summarized it as follows: "The action was brought by Lydia M. Green, individually, and as executrix of the last will and testament of Thomas F. Green, her deceased husband, under whose will plaintiff was the sole legatee. The action was in tort for $500,000.00 actual damages and a like amount as exemplary damages. The trial court dismissed the action on the ground that the complaint stated no cause of action in tort in the plaintiff and the appellate court affirmed this judgment. The court said (p. 380, 24 F. [2d]): 'The essence of her complaint is that defendant, after inducing her testator to purchase certain shares in the Pearsall Company, impaired the value of them (1) by affirmative interference with its business; and (2) by refusing to continue to deal with it; and did these things with the purpose of inducing her to sell her stock to the defendant's nominee, and, failing in that, with the purpose of destroying the value of her shares. (2-4)

238

Considering first the affirmative interference with the corporation's business: The attempt to induce employees to leave the Pearsall Company, not only is nowhere alleged to have been successful, but, if so, would have given rise to a cause of action to the corporation, rather than to its shareholders. * * * The allegations of disclosure of confidential information, damage to credit, and unfair interference with business are mere conclusions of the pleader; but, even if they were treated as adequately pleaded, they would be subject to the same objection that they charge a breach of duty owing to the corporation rather than to its shareholders. The shareholders' rights are derivative, and, except through the corporation, the shareholders have no relation with one who commits a tort against the corporation's rights. * * * Even when all the stock is owned by a sole shareholder, there seems no adequate reason to depart from the general rule that the corporation and its shareholders are to be treated as distinct legal persons. Therefore even a sole shareholder has no independent right which is violated by trespass upon or conversion of the corporation's property. Only his "corporate rights" have been invaded, and consequently he cannot sue the tortfeasor in an action at law. * * * We are satisfied that the complaint states no cause of action in tort in the plaintiff. The judgment is affirmed.' "

■ Ordinarily, before a stockholder of a corporation may maintain a suit in place of the company, "It must be made apparent that the officers whose duty it is to act for the corporation have refused after request to institute suit in behalf of the corporation or that they are so concerned in the wrong sought to be redressed and hostile to any attempts to vindicate the corporate rights that it is reasonably certain that a request to proceed would be unavailing." 13 Am. Jur., p. 511, §467.

■ Plaintiff neither made, nor attempted to make, any such showing. Her control of the company was absolute. In such situation, we have said: "The courts

should closely scrutinize actions brought by stockholders where the cause of action is primarily one belonging to the company. * * * Corporations can act only through agents and officers appointed for that purpose in pursuance of the statute. Every stockholder knows this when he purchases his stock, and it is not unreasonable to require him to seek redress for his grievances through the company, or to show some reason why he does not do so. In the absence of such showing he ought not to be allowed to maintain an action as a stockholder, where the right of action properly belongs to the company." *Miller v. Murray,* 17 Colo. 408, 30 Pac. 46. See, *Horst v. Traudt,* 43 Colo. 445, 96 Pac. 259.

Plaintiff's counsel has emphasized the case of *Camp v. Gress,* 250 U.S. 308 (39 Sup. Ct. 478, 63 L.Ed. 997), and contends that our highest judicial tribunal has adopted a rule contrary to ours. We regard that case as distinguishable. Initially it appears that that action was upon contract, while the case here involves a tort. Then, in the Camp-Gress case, no corporation, as such, was involved. Gress, the sole owner of a certain corporation, contracted with Camp to convey the assets of his corporation to a new corporation to be organized by the parties jointly, in consideration whereof Camp agreed to convey to the proposed new corporation certain assets which he owned. The stock in the new corporation was to be issued: to Gress, five-eighteenths and to Camp, thirteen-eighteenths. Gress "was ready and willing and able to perform his part of the contract," while the other party definitely refused to perform. Clearly, Gress, not his corporation, had made the contract, and to him, and not to his corporation, was Camp beholden. The alleged wrong in the present case—assumed, but not determined—was to the Box corporation, not to plaintiff. The controlling rule in this jurisdiction in mind, the added allegation in the amended complaint to the effect that defendant did not extend the loan as agreed, does not strengthen plaintiff's cause. Defendant's

promise was to the corporation, and only that entity has the legal right to complain.

■ The law being as stated, was defendant's general demurrer to the original complaint sufficient to raise the legal issue? Plaintiff argues that the demurrer, being general, was insufficient because it did not present the ground that plaintiff had no capacity to sue. We think that argument untenable. Plaintiff elected, by her original complaint, to sue as an individual and, of necessity, pursued the same course in the amended complaint. Having thus chosen her way, it devolved upon her to state a cause of action, as an individual.

■ In plaintiff's amended complaint, she opened with a first cause of action on a matter wholly absent in her original complaint, namely, her right to receive a salary from the company which she owned, and which right, as alleged, was thwarted by defendant. Such a cause, assuming sufficiency of statement, as to which we are doubtful, is wholly foreign to the claim originally made. The original complaint and the second cause of action in the amended complaint, as we have determined herein, set forth a situation concerning which only the corporation might legally complain. Plaintiff, having mistakenly undertaken personally to maintain an action that her corporation should have brought, may not "stay in court" by introducing into her amended complaint "a new and different" cause. *Davis v. Johnson*, 4 Colo. App. 545, 36 Pac. 887. See, also, *Dodge v. Chambers*, 43 Colo. 366, 96 Pac. 178. The trial court rightly resolved on all points presented.

Let the judgment be affirmed.