No. 18,433.

JOHN FLEMING, AS FLEMING CONSTRUCTION COMPANY
*v.* CORA SCOTT.
(348 P. [2d] 701)

Decided January 25, 1960.

Mr. GEORGE W. HARPER, Mr. FRENCH L. TAYLOR, for plaintiff in error.

Mr. EARL J. HOWER, Mr. HAROLD H. HARRISON, for defendant in error.

*In Department.*

Opinion by MR. JUSTICE DAY.

WE will refer to the parties as they appeared in the trial court where plaintiff in error was the defendant against whom judgment was entered. The trial was to a jury and the verdict awarded plaintiff damages.

Plaintiff's cause of action was based on a breach of a remodeling contract. The allegations were that defendant had undertaken to remodel plaintiff's home and add a room thereon; that defendant failed to do certain work as agreed upon and that what was attempted to be accomplished was done in such an unworkmanlike manner as to cause plaintiff to hire others to correct the defects in workmanship. Reimbursement of the money expended to correct what it is alleged defendant had not properly done is the basis of the claim for damages.

Among the many assignments of error only one warrants reversal of the judgment. It goes to the very heart of the damage question and resulted in the awarding of an excessive verdict.

The largest single segment of the work claimed by the plaintiff to be defective involved the installation of the heating plant. The contract called for installation of two floor furnaces. Plaintiff alleges that they did not work properly. One got too hot and scorched an adjacent wall and otherwise made the room uninhabitable by reason of the excessive heat. It was claimed that the other did not produce sufficient heat. Nevertheless plaintiff suffered along with the furnaces for four years. Then she had installed a complete new forced air system

with heat runners to all of the rooms. The placing of this type of furnace also entailed excavating a basement under her house where none existed before. The total cost of this new installation, including excavation, was admitted in evidence as being $767.70 and the jury was permitted to use it as a basis of its award. This was error. The verdict of $1,000 appears to be substantiated only if this amount was used by the jury.

The plaintiff is not entitled to be placed in a position more advantageous than she contracted for. If the jury believed that the furnaces were defective, plaintiff at most was entitled to the cost of the replacement of effectively operating floor furnaces, or, in the event of inability to replace the equipment, or to make it function, could request a return of that portion of the total contract price represented by the cost of the floor furnace installation. Because of the use of the furnace for four years the jury should have been instructed to take into consideration the depreciation of the equipment by use. Basically, the law of damages in this type of situation is that the owner cannot charge the contractor for more and different kinds of materials than that embraced in the contract. *Ficara v. Belleau,* 331 Mass. 80, 117 N.E. (2d) 287. See 9 Am. Jur. 89, §152; Restatement of Contracts, §329, comment (a).

There was one occurrence in the trial which, although not the basis of any reversible error, should be commented upon. Plaintiff was allowed to give extensive testimony as to oral agreements between she and the defendant although there was a written contract. Defendant contends that all this testimony was admitted erroneously because it tended to alter or modify by parol evidence the terms of the written contract. The parol evidence rule, if attempted again to be invoked in the retrial of this cause, is not applicable. Plaintiff contended, and established, that the contract between she and the defendant was both oral and written. The written contract was very general and did not purport to

cover many items which would have to be done in a job of this nature, and upon which the parties contracted orally. That the written contract did not embrace everything to be done was shown by the work which the defendant, in fact, did and which was not in the written contract. The oral agreements plus the written agreement constituted the whole of the contract between the parties.

The judgment is reversed and the cause remanded for a new trial.

MR. CHIEF JUSTICE SUTTON and MR. JUSTICE HALL concur.