No. 20,148.

BILL RENO, INC., *v.* ROCKY MOUNTAIN FORD DEALERS'
ADVERTISING ASSOCIATION.
(378 P. [2d] 206)

Decided January 28, 1963.

Messrs. WINNER, BERGE and MARTIN, for plaintiff in
error.

Messrs. IRELAND, STAPLETON, PRYOR & HOLMES, for de-
fendant in error.

*In Department.*

Opinion by MR. JUSTICE MOORE.

THIS matter is before us on writ of error to review a
judgment of the trial court dismissing the complaint
filed by plaintiff in error against defendant in error.

The trial court held that the complaint failed to state a claim upon which relief could be granted. The complaint, as amended, omitting the caption, is as follows:

"Plaintiff avers:

"1. It was a Colorado corporation and within the past two years it has filed with the Secretary of State its intent to dissolve and its articles of dissolution, and this action is brought in the corporate name pursuant to the provisions of Chapter 32, Section 100, Session Laws, 1958.

"2. Defendant is a not for profit Colorado corporation formed pursuant to the provisions of C.R.S. 1953, Chapter 31, Article 20, and plaintiff was a member of that corporation.

"3. Plaintiff terminated its membership in defendant, and, upon such termination it was entitled to an accounting to determine plaintiff's fair share of the assets thereof.

"4. Plaintiff has repeatedly demanded such accounting and has demanded to inspect the books and records of said corporation to determine plaintiff's equity in said assets, but defendant has refused to furnish said accounting and has refused to permit plaintiff to examine said books and records.

"WHEREFORE, plaintiff prays an accounting; prays that it and its representatives be permitted to examine, inspect and copy the books and records of defendant; its costs in this behalf expended, interest on the amount shown to be due it from the time plaintiff became entitled thereto to the date of judgment herein, and for such other and further relief as to the Court seems proper."

Counsel for defendant urged in the trial court, and argue here, that C.R.S. '53, 31-20-7 precluded any relief being granted to plaintiff. The statute mentioned provides in pertinent part that:

"No dividend or distribution of the property of any

such corporation, association or society shall be made until all debts are fully paid, and then only upon its final dissolution and surrender of organization and name, nor shall any distribution be made except by a vote of a majority of the members. * * * "

■ The trial court erred in dismissing the action. We deem it sufficient to say that a member of a nonprofit corporation has the right to inspect the books and records of the corporation. The complaint contains the allegation that plaintiff was refused this right.

■ A member of a nonprofit corporation is entitled to be informed concerning the business activities conducted by the corporation. It is asserted in the complaint that the plaintiff "was entitled to an accounting to determine plaintiff's fair share of the assets thereof" and that this "accounting" was requested and denied. Under this broad allegation the statute above quoted might, or might not, apply, depending on pertinent facts. The allegations of the complaint are sufficient as against a motion to dismiss.

After inspection of the books of the corporation, and an accounting, it may or may not follow that the statute is applicable to the situation as revealed thereby, depending upon the nature of the relief then sought. In any event it has no application to the complaint of plaintiff in so far as the demand for inspection of the corporate books is concerned.

The judgment is reversed.

Mr. Chief Justice Frantz and Mr. Justice Hall concur.