No. 21135.

RONALD O. HARMON *v.* FLORENCE E. WAUGH, ET AL.
(414 P.2d 119)

Decided May 9, 1966.     Rehearing denied May 31, 1966.

MURRAY, BAKER & WENDELKEN, and CHARLES F. BENNETT, for plaintiff in error.

DONALD E. LAMORA, ALLEN T. COMPTON, for defendants in error.

*In Department.*

Opinion by MR. JUSTICE MOORE.

IVAN H. WAUGH and Florence E. Waugh, defendants in error, were plaintiffs in the trial court, and Ronald O. Harmon, plaintiff in error was the defendant. They will be referred to as they were designated in the trial court.

The plaintiffs sold to the defendant real estate and the business operated thereon. The negotiations in connection with the sale culminated in the execution of a written contract dated March 4, 1959, in which the defendant was the purchaser and the plaintiffs were the

sellers. The provision of the contract giving rise to this controversy reads as follows:

"Without additional consideration, sellers agree to sell and transfer to buyer at the time of conveyance as aforesaid by bill of sale *all* of the furnishings and equipment as is more particularly described in the inventory hereto attached and marked Exhibit 'A'."

Actually no inventory of *"all* of the furnishings and equipment" was attached to the contract and marked as an exhibit.

Shortly after the execution of the contract the defendant took possession of the property. On March 31, 1959, a deed to the real estate was delivered to defendant, together with a bill of sale. The defendant paid the additional consideration due at that time, making a total sum of $17,000 paid by him under the terms of the agreement. Thereafter an inventory and list of "reserved items" was prepared and presented to the defendant by the plaintiffs.

It was on April 1, 1959, that the dispute arose with relation to the question of whether certain items of personal property, which are described in the complaint, were intended to be included in the agreement of the parties. The plaintiffs demanded that they be permitted to remove those articles on the ground that they were not at any time considered by either party to be included in the transfer. The defendant, relying on the language of the signed instruments, refused to deliver the articles claimed by the plaintiffs and insisted that they were included in the sale. The trial court entered findings and rendered judgment for the plaintiffs.

As grounds for reversal of the judgment the defendant argues, in essence, that the trial court erred in receiving parol testimony and documentary evidence bearing upon the question of the intent of the parties as to whether the personal property involved in the dispute was to be transferred to the defendant, or to be reserved by the plaintiffs.

The Summary of Argument supporting an affirmance of the judgment reads as follows:

"I. The 'Parol Evidence Rule' does not exclude evidence of oral agreements where the written contract does not contain all the terms and conditions thereof.

"A. The Doctrine of Merger only applies to a fully integrated written contract.

"B. The written contract involved in this action did not contain all the terms and conditions of the agreement under which the parties acted, and hence the trial court properly admitted parol evidence of oral agreements.

"C. The testimony adduced amply supports the trial court's finding of the parties' intent not to include the items in question in the sale.

"II. The trial court's findings on disputed issues of fact will not be disturbed on review."

■ An examination of the evidence leads inescapably to the conclusion that the contract entered into on March 4, 1959, did not contain the full agreement of the parties concerning the purchase of the real estate and business known as the Red Cloud Inn. The defendant himself admitted that some items of personal property were to be retained by the plaintiffs and that other items which were being used in connection with the business were known by him to be on loan to the plaintiffs and were not within the coverage of the contract. The failure of the parties to specifically identify the personal property which was to be included in the sale, and their failure to make an inventory to be attached to the agreement and "marked Exhibit A" as they unquestionably contemplated when the contract was signed, results in an ambiguity in the contract which was properly subject to clarification by parol testimony.

■■ The court did not err in admitting the evidence offered in order to determine the intent of the parties. There is a wealth of authority to support the proposition that the "Parol Evidence Rule" does not operate

to exclude oral agreements in explanation of a written instrument which patently does not contain all the terms and conditions of the contracting parties. See, 4 *Williston, Contracts,* § 630 (3rd Ed., 1961); 3 *Jones, Commentaries on Evidence,* § 1490, 1491 (2nd Ed. 1926); 9 *Wigmore, Evidence,* § 2430 (3rd Ed. 1940).

In *Coulter v. Anderson,* 144 Colo. 402, 357 P.2d 76, we find the following pertinent language:

"Whether a contract was intended by the parties as an integrated one is, as indicated above, a matter of intention. See 3 Williston, *Contracts,* sec. 633, and 3 Corbin, *Contracts,* sec. 581. Where it is shown that a writing was not intended to be fully integrated, terms other than those set forth in the writing may be proved by parol evidence, *Fleming Construction Co. v. Scott,* 141 Colo. 449, 348 P.(2d) 701."

There was ample evidence to support the finding of the trial court that the personal property claimed by the plaintiffs was not included in the property purchased by the defendant, and under these circumstances it is not within the power of this court to set aside the finding and judgment which is thus supported by ample competent evidence.

The judgment accordingly is affirmed.

MR. JUSTICE PRINGLE and MR. JUSTICE SCHAUER concur.