No. 23309.

KENNETH G. BELL, LUCY BELL, WALTER F. BRIDGEWATER, ARTHUR F. BRUNTON, ARTHUR J. GUDE, 3RD, JOHN W. HALL, JESSIE L. HICKMAN, HELEN MEIERESONNE, JOSEPH M. MEIERESONNE, AND JAMES M. SMITH, ALL AS SHAREHOLDERS IN THE CONSOLIDATED MUTUAL WATER COMPANY, A COLORADO NON-PROFIT CORPORATION, FOR THEMSELVES AND ON BEHALF OF ALL OTHER SHAREHOLDERS SIMILARLY SITUATED *v.* LESLIE B. ARNOLD, CONRAD R. BECKER, S. ARTHUR HENRY, HUBERT G. SUMMERS, AND BRUNO ZAWECKIS, INDIVIDUALLY, AND THE CONSOLIDATED MUTUAL WATER COMPANY, A COLORADO NON-PROFIT CORPORATION.

(487 P.2d 545)

Decided July 6, 1971.

Elias J. Candell, Fred R. Rehmer, for plaintiffs in error.

280 

HENRY, COCKRELL, QUINN & CREIGHTON, RICHARD C. COCKRELL, PETER J. V. IEBE, JR., for defendants in error.

*En Banc.*

MR. JUSTICE HODGES delivered the opinion of the Court.

BELL, and the other named plaintiffs in error as minority stockholders, brought a derivative action against the directors of Consolidated Mutual Water Company, which was also named as a defendant. In their complaint, these plaintiffs allege that the directors were guilty of illegality, fraud, and negligence in the handling of the corporate affairs and finances of the water company. The demand was for an accounting and for a money judgment including exemplary damages against the directors to be recovered by the water company with the net amount, after certain expenses are paid, to "be distributed as a special distribution to the shareholders of said mutual non-profit corporation."

This complaint was filed in June of 1967 and is therefore governed by R.C.P. Colo. 23(b), which relates to secondary actions by shareholders. This rule provided that a proper complaint ". . . shall also set forth with particularity the efforts of the plaintiff to secure from the managing directors or trustees and, if necessary, from the shareholders such action as he desires, and the reasons for his failure to obtain such action or the reasons for not making such effort."

The complaint states that no efforts were made by the plaintiffs to make demands upon the directors or the shareholders of the water company. It is alleged that no demand was made upon the directors because they comprise all the directors of the company and are the alleged wrongdoers. Because of this, demands upon them would be futile.

The complaint asserts that no demands were made upon the shareholders because the shareholders are not

in a position to ratify the wrongs complained of because of the illegal nature of the wrongs. Also the complaint alleged that the attempts of the plaintiffs to acquire a list of the corporate shareholders and their addresses were frustrated because of the unreasonable limitations placed upon the securing of this list. In this respect, it is alleged that the defendant directors insisted that the plaintiffs hand copy the shareholders list using no more than two persons working two hours per day. The defendant directors allegedly refused to allow the plaintiff shareholders to photocopy or microfilm the shareholders list. According to the complaint, there are over 26,000 shareholders of the water company.

The defendants filed a motion to dismiss the complaint because it failed to state a cause of action. The trial court granted this motion, on the basis of its finding that the reasons stated in the complaint for not making a demand upon the directors or the shareholders are insufficient. We agree with the trial court to the extent that the reasons set forth by plaintiffs for not making a demand on the shareholders are insufficient and we therefore affirm the trial court's judgment dismissing the complaint.

 Initially, we note that when ruling upon a motion to dismiss a complaint for failure to state a claim, the trial court, and this court on review, must view the allegations of the complaint in a light most favorable to the plaintiff. In other words, the allegations of fact are deemed to be true when such a motion to dismiss is considered. *Harrison v. Denver*, 102 Colo. 98, 76 P.2d 1110; 2A *J. Moore, Federal Practice* ¶ 12.08 (2d ed. 1968).

## I.

 The general rule is that demands need not be made by shareholder plaintiffs upon directors allegedly involved as wrongdoers. *See Rude v. Wagman*, 71 Colo. 499, 207 P. 992; 13 *W. Fletcher, Private Corporations* § 6008 (1970 Rev.); *see also* Note, *Demand in Derivative*

*Suits,* 73 Harv. L. Rev. 746, 759 (1960). In the instant case, plaintiffs' allegations are of sufficient particularity and of such a nature to excuse them from making the otherwise required demands for relief upon the directors of the water company.

## II.

The central issue here is whether or not the reasons stated in the complaint for the plaintiffs' failure to make demand upon the shareholders are insufficient as a matter of law. We hold they are insufficient.

The purpose underlying the requirements of R.C.P. Colo. 23 (b) and our present C.R.C.P. 23.1 entitled "Derivative actions by stockholders" is to avoid the possibility of a multiplicity of lawsuits against corporations by individual stockholders or small groups of stockholders. Theoretically, a corporation could be subject to as many suits as it has stockholders. As a general rule therefor, courts will not interfere with the internal affairs and management of a corporation on the complaint of an individual stockholder or a small group of stockholders, unless it appears from the allegations of the complaint that all efforts to obtain redress from the directors have been exhausted or would have been futile, as is the case here. Either or both of these situations existing, the stockholder must then make demand upon and seek relief from the stockholders of the corporation. If no effort whatsoever is made in this respect, the complaint must specify the reasons why such an effort was not made. Courts have generally been careful to regard the derivative suit as an extraordinary remedy, which is available to the shareholder, as the corporation's representative, only when there is no other road to redress.

The foregoing is in brief the rationale underlying the demand requirements of our previous and present rule pertaining to derivative lawsuits. The foregoing also represents the case law in Colorado, and is the prevailing

law of other jurisdictions. *See Rude v. Wagman, supra, Box v. Roberts,* 112 Colo. 234, 148 P.2d 810; *Holmes v. Jewett,* 55 Colo. 187, 134 P.2d 665; *Horst v. Traudt,* 43 Colo. 445, 96 P. 259; *Caldwell v. Eubanks,* 326 Mo. 185, 30 S.W.2d 976, 72 A.L.R. 621. *See generally* 3B *J. Moore, Federal Practice,* ¶ 23.1.19 (2d ed. 1969).

 One reason set forth in the complaint for not making a demand on the shareholders is that they could not ratify the alleged wrongs because of the illegal nature of the wrongs. We hold this is not an acceptable reason or a valid excuse for not making a demand on the shareholders here. The purpose of making demand on the shareholders is to inform them of the alleged non-ratifiable wrongs; to seek their participation in available courses of action, such as, the removal of the involved directors and the election of new directors who will seek the redress required in the circumstances; or to secure shareholder approval of an action for damages to the corporation caused by the alleged wrongdoing directors. *Rogers v. American Can Co.,* 305 F.2d 297 sets forth a lengthy discussion on this subject and cites many cases which adhere to this demand requirement. *See also* 3B *J. Moore, Federal Practice* ¶ 23.1.19 (2d ed. 1969).

No Colorado cases could be found on the specific issue relating to demands on shareholders when directors are allegedly guilty of non-ratifiable wrongs. However, in *Smith v. Bulkley,* 18 Colo. App. 227, 70 P. 958, a similar issue was involved. The allegation was that the president and the secretary of the corporation had given a trust deed on corporate real estate to obtain funds for the president's personal use. The trial court dismissed the complaint, and in upholding the dismissal, the court of appeals held:

"No allegation is made of any effort to have the stockholders take steps, by removal of the board of directors or otherwise, for righting this alleged wrong. So far as we are advised by the complaint the stockholder instituted this action to redress the alleged corporate wrong

without ever having made any effort, through the officers or stockholders of the corporation, to have such action brought, and without offering any explanation why such application was not made by him before institution of this action. The authorities are as one that under such circumstances an action by the stockholder will not lie. * * * To permit any stockholder to institute an action in the corporate name to redress an alleged corporate wrong without a showing on his part that every reasonable effort had been made through the proper channels to induce corporate action, and that an unredressed wrong would result to the corporation unless he were permitted to sue, would be to tolerate a practice prejudicial to corporations and other stockholders, and one violating all established precedents."

It should be noted that, although the plaintiffs allege that there are 26,000 shareholders of the water company, they did not claim this as a circumstance which would involve such unreasonable expense and effort as to be a basis for excusing the making of a demand on the shareholders. This allegation obviously was made in connection with the assertion in the complaint that the directors had placed an unreasonable limitation on the plaintiffs' efforts to secure the shareholders list. In this regard, it should be mentioned that there are numerous cases dealing specifically with the alleged excuse that no demand was made on the shareholders because the corporation had a large volume of shareholders scattered throughout the country, and that the demand on them would involve an unreasonable effort and unconscionable financial burden on the minority shareholders. A typical case in this category is *Levitt v. Johnson,* 334 F.2d 815, wherein it was held that allegations that the corporation involved had 48,000 shareholders scattered over the country whose identities were subject to constant changes, that to make demand on them would involve a large financial burden and that the demand might also generate a proxy fight entailing a prohibitive

expense, was held to be an adequate excuse for failure to make demand on the shareholders before maintaining a derivative suit.

Since the number of shareholders, in the instant case, was not pled as an excuse, nor was it accompanied by any allegation regarding unreasonable costs of making the demand, we do not, on this writ of error, determine whether 26,000 shareholders did, or did not, formulate a valid basis for an excuse in making demand on them.

 Under other exceptional circumstances where it is demonstrated that making demand on shareholders in connection with non-ratifiable wrongs of directors would involve unreasonable expense and effort, there is considerable authority that this would outweigh the merits of making the demand, and that the demand therefore should be excused under such circumstances. *See e.g., Weiss v. Sunasco, Inc.,* 316 F. Supp. 1197 and cases cited therein. *See also* 13 *W. Fletcher, Private Corporations* § 5965 and 6008 (1970 Rev.). No such exceptional circumstances are present in the instant case.

 As to the plaintiffs' allegation that the defendant directors frustrated their attempt to secure a shareholders list by unreasonable restrictions, we merely state that as alleged, this is not a valid excuse for not making demand on the stockholders. If, in fact, the limitations and restrictions placed upon obtaining this information were unreasonable and had the effect of blocking the plaintiffs from securing the shareholders list, the plaintiffs could have readily sought judicial assistance in the form of an order requiring a reasonable plan for securing this list. Shareholders lists are a part of corporate books and records, and the plaintiffs, as shareholders, have a fundamental right to inspect them for any lawful purpose. *Bill Reno, Inc. v. Rocky Mountain Ford Dealers Ad. Assn.,* 151 Colo. 406, 378 P.2d 206. *See also* Annot. 15 A.L.R. 2d, p. 11, and 18 Am.Jur.2d *Corporations* § 202.

The plaintiffs' complaint was properly dismissed by

the trial court for failure to allege a valid excuse for not making the required demand upon the shareholders of the water company.

Judgment affirmed.

MR. CHIEF JUSTICE PRINGLE not participating.