538 P.2d 117 (1975)
Charles R. BUECHNER and Anne S. Buechner, Plaintiffs-Appellants,
v.
Arthur E. ROUSE and Fishback, Inc., Defendants-Appellees.
No. 74-207.
Colorado Court of Appeals, Div. I.
June 24, 1975.
*118 March, March, Sullivan & Myatt, John-David Sullivan, Fort Collins, for plaintiffs-appellants.
Wood, Herzog & Osborn, P.C., David L. Wood, Fort Collins, for defendants-appelees.
Not Selected for Official Publication.
KELLY, Judge.
Plaintiffs, Charles and Anne Buechner, appeal from the judgment of the trial court dismissing some portions of their complaint on motion, and granting summary judgment in favor of the defendants, Fishback, Inc., and Rouse, on the remaining portions. We affirm in part and reverse in part.
The Buechners alleged in their complaint that the defendant, Rouse, as majority stockholder and director of the defendant, Fishback, Inc., controlled all elections and determined the policies of the corporation; that, in May 1965, Buechner sold his camera supply business to Fishback, for which Fishback issued to the Buechners ten per cent of its outstanding capital stock; and that, on the same date, Fishback entered into a separate written contract with Charles Buechner, employing him to manage the camera supply business, allegedly for as long as Buechner was a stockholder in Fishback.
It was further alleged that at some later time, Rouse induced the Buechners to purchase *119 additional shares of Fishback's capital stock by fraudulently representing that Fishback would pay the Buechners sufficient dividends to pay for the stock. It was also alleged that Rouse mismanaged the corporation in numerous ways, primarily by actions not authorized by the Articles and by-laws of the corporation. In addition, Rouse allegedly induced Fishback to breach Charles Buechner's contract of employment.
The Buechners asked for damages against both Rouse and Fishback for breach of the employment contract, for general damages against Rouse for corporate mismanagement which allegedly impared the value of Buechners' stock, and for exemplary damages against Rouse based on his "willful and wanton" misconduct. As a second claim, the Buechners alleged that Rouse's mismanagement of the corporation had caused "a wanton waste of corporate assets," and asked for judicial dissolution of the corporation.
Rouse and Fishback each filed a motion to dismiss. The trial court dismissed Anne Buechner's claim for breach of the employment contract and the prayer against Rouse for exemplary damages. The Buechners do not appeal these rulings. In addition, the trial court dismissed the Buechners' claim for judicial dissolution of Fishback.
Thus, as the trial court stated, the following claims remained to be tried: (1) The claims of each of the Buechners against Rouse for fraudulent misrepresentation inducing the purchase of additional shares of Fishback; (2) the claims of each of the Buechners against Rouse for corporate mismanagement; (3) Charles Buechner's claim against Rouse for inducing Fishback to breach the employment contract; and (4) Charles Buechner's claim against Fishback for breach of the employment contract.
Rouse and Fishback moved for summary judgment on these remaining claims. The motion was granted, the complaint was dismissed and judgment was entered for the defendants. The ruling on the motion for summary judgment was divided into three parts, addressing the fraudulent misrepresentation, corporate mismanagement, and the employment contract.
Concerning the corporate mismanagement by Rouse, the trial court ruled that the Buechners were estopped to claim damages as a result of Rouse's actions because Charles Buechner was an officer and director of the corporation and had attended all the meetings at which the alleged misconduct occurred. The trial court further ruled that the Buechners had failed to show that they had been damaged by the actions of Rouse. Finally, the trial court stated that judgment decisions of corporate directors and officers afford no basis for relief to stockholders, in the absence of fraud, unjust enrichment or actionable negligence.
Regarding the employment contract, the trial court ruled that the contract could not be established because certain of its terms were lacking which could not be supplied by parol testimony; that the oral terms of the contract violated the statute of frauds; and that, in any event, the parties had, by their conduct, terminated and abandoned the contract, as evidenced by Buechner's assumption of different duties at different locations than those required by the written contract.
The Buechners contend on appeal that the trial court erred in dismissing their claim for dissolution of the corporation and in granting summary judgment on the claims for corporate mismanagement and breach of the employment contract. They have not specified in their briefs the error claimed in the rulings of the trial court concerning Rouse's alleged fraudulent misrepresentation, and therefore, the propriety of these rulings is not before us. See Buchanan v. Burgess, 99 Colo. 307, 62 P.2d 465.
We are unpersuaded by the Buechners' argument that, under the circumstances *120 of this case, the trial court has inherent equitable jurisdiction to order the involuntary dissolution of the corporation. Section 7-8-113, C.R.S. 1973 (C.R.S. 1963, 31-8-13) provides for the involuntary dissolution of a corporation by judicial decree, and subsection (2) (a) thereof, which applies to actions by shareholders, specifies two separate grounds on which such a decree must be based. Neither ground was alleged in this case. Hence, the trial court properly dismissed the claim.
Although we agree with the Buechners that the trial court gave erroneous reasons for granting summary judgment on the claim for corporate mismanagement, the result was nevertheless correct, and the ruling will not be disturbed on review. See Klipfel v. Neill, 30 Colo.App. 428, 494 P.2d 115.
The general rule is that individual shareholders may sue corporate officers and directors only when they have sustained a loss which is separate and distinct from that of other stockholders. See E. K. Buck Retail Stores v. Harkert, 157 Neb. 867, 62 N.W.2d 288; H. Henn, Law of Corporations § 360, pp. 754-756. Here, the allegations of the complaint show that the loss, if any, was to all shareholders alike. Under these circumstances, the right to sue belongs to the corporation and may be brought by individual shareholders only as a derivative action. See Bell v. Arnold, 175 Colo. 277, 487 P.2d 545; Box v. Roberts, 112 Colo. 234, 148 P.2d 810. This was neither a derivative action nor were the requirements of C.R.C.P. 23.1 satisfied. Hence, summary judgment for the defendants was properly granted as a matter of law. See Goeddel v. Aircraft Finance, Inc., 152 Colo. 419, 382 P.2d 812.
We agree with Buechner, however, that summary judgment should not have been granted on his claim against Fishback for breach of contract and on his claim against Rouse for inducing breach of that contract. The trial court erred in its rulings on the admissibility of parol evidence and the applicability of the statute of frauds. Parol evidence is admissible to supply terms omitted from a written agreement, see Harmon v. Waugh, 160 Colo. 88, 414 P.2d 119, and the statute of frauds, § 38-10-112(1) (a), C.R.S. 1973 (C.R.S. 1963, 59-1-12(1) (a)), is inapplicable where, as here, the contract could have been terminated within a year of its execution by Buechner's death, among other things, and hence, its performance within a year was not impossible. See Woodall v. Davis-Creswell Manufacturing Co., 9 Colo.App. 198, 48 P. 670; 2 A. Corbin, Contracts § 446.
Moreover, the record reveals issues of fact which should not have been determined by the trial court on motion for summary judgment. See Primock v. Hamilton, 168 Colo. 524, 452 P.2d 375. The affidavits filed by the parties were in direct conflict on the question of the duration of the employment contract, and since this omitted provision of the contract could be supplied by parol evidence, this issue could be only resolved after trial on the merits.
Nor can we say that the evidence before the trial court was sufficient to support its conclusion that the parties had terminated and abandoned the contract as a matter of law. While the intent to terminate and abandon a contract may be evidenced by the parties' conduct, see Nahring v. City & County of Denver, 174 Colo. 548, 484 P.2d 1235, nevertheless, the question whether a contract has been abandoned is ordinarily one of fact. See Atteberry v. Aulick, 204 Okl. 540, 231 P.2d 993.
Here, Buechner's deposition testimony warrants the inference that Fishback assigned him to different duties at different locations pursuant to those provisions of the employment contract requiring Buechner to comply with all rules, regulations and orders of Fishback as if set forth in full in the contract. Buechner, as the party against whom the motion for summary judgment was made, was entitled to the benefit of these countervailing inferences, *121 and summary judgment should not have been granted. See O'Herron v. State Farm Mutual Automobile Insurance Co., 156 Colo. 164, 397 P.2d 227.
Accordingly, the judgment of the trial court dismissing the Buechners' claim for judicial dissolution and the summary judgment in favor of Rouse on the Buechners' claim for corporate mismanagement are affirmed. The summary judgments on Charles Buechner's claims against Fishback for breach of the employment contract and against Rouse for inducing Fishback to breach the employment contract are reversed and the cause is remanded with directions to reinstate Buechner's complaint on these two claims and for further proceedings thereon.
BERMAN and VAN CISE, JJ., concur.