588 P.2d 390 (1978)
Raymond S. LIPSON and Irwin M. Suson, Plaintiffs-Appellants,
v.
COLORADO STATE DEPARTMENT OF HIGHWAYS, State Highway Commission, Edward Haase, not Individually but as Chief Engineer of the Highway Division of the State Department of Highways, Carroll Quelland, M. F. Carney, Patio Motel, a Colorado Corporation, d/b/a the Goblet Lounge, Pyne, Inc., a Colorado Corporation, Defendants-Appellees.
No. 78-635.
Colorado Court of Appeals, Div. I.
December 7, 1978.
*391 Berenbaum, Weinberger & Susman, Charles P. Leder, Denver, for plaintiffs-appellants.
J. D. MacFarlane, Atty. Gen., David W. Robbins, Deputy Atty. Gen., Edward G. Donovan, Sol. Gen., Thomas W. Gibb, Special Asst. Atty. Gen., Denver, for defendants-appellees.
COYTE, Judge.
Plaintiffs appeal from a judgment of the trial court dismissing their complaint seeking damages for inverse condemnation. We affirm.
Plaintiffs filed a complaint in inverse condemnation alleging: (1) that the Colorado Department of Public Highways had determined that it would be necessary, desirable and to the best interest of the people if a portion of plaintiffs' property be taken for public use in the expansion of South Santa Fe Drive and the construction of an overpass on Belleview over South Santa Fe Drive; (2) that the defendant had publicized that an overpass would be constructed, which has made the sale or development of the property impossible; and (3) that the defendant has prepared maps showing such construction and commenced procedural processes required to obtain the necessary permits, approvals, and funding from the United States Government, and that as a result, even though they still hold the fee ownership, the property of the plaintiffs has been taken for public use without just compensation.
Upon motion by the Department of Highways, plaintiffs' complaint was dismissed. Plaintiffs contend that, while the fee ownership of the land remains in them, the defendant's announced intention to acquire the property amounts to a taking of property for public purposes without compensation as prohibited by the Colorado Constitution, Art. II, Sec. 15.
In considering a motion to dismiss a plaintiff's complaint for failure to state a claim upon which relief can be granted, the court must view the allegations of the complaint in the light most favorable to plaintiff. Bell v. Arnold, 175 Colo. 277, 487 P.2d 545 (1971).
In City of Buffalo v. J. W. Clement Co., 28 N.Y.2d 241, 321 N.Y.S.2d 345, 357, 269 N.E.2d 895, 903, where there was a delay in the actual taking by the condemning authority, the court held that:
"[I]t is clear that a de facto taking requires a physical entry by the condemnor, a physical ouster of the owner, a legal interference with the physical use, possession or enjoyment of the property or a legal interference with the owner's power of disposition of the property."
It further stated:
"[T]he mere announcement of impending condemnations, coupled as it may well be with substantial delay and damage, does not, in the absence of other acts which *392 may be translated into an exercise of dominion and control by the condemning authority, constitute a taking so as to warrant awarding compensation." (emphasis in original)
We adopt this rule here. Since the Department of Highways has made no physical ouster of the owners from the property, and has not interfered in any way with the owners' power of disposition or use of the property, plaintiffs' complaint does not state a claim for relief, and the trial court properly dismissed it.
Judgment affirmed.
PIERCE and KELLY, JJ., concur.