NEW CRAWFORD VALLEY, LTD., Benedict Nuclear Pharmaceuticals, Inc., Robert Sanders, Harvey G. Mozer, Glenn M. Heelan, and Don Aufdenkamp, Plaintiffs–Appellants,

v.

Malcolm H. BENEDICT, David R. Allen, Douglas R. Currin, and Benaccel Corporation, Defendants–Appellees.

No. 91CA1806.

Colorado Court of Appeals, Div. III.

Jan. 28, 1993.

---

Holley, Albertson & Polk, P.C., Eric E. Torgersen, Golden, for plaintiffs-appellants.

Gibson, Dunn & Crutcher, Craig R. Carver, Denver, for defendants-appellees Malcolm H. Benedict and David R. Allen.

No appearance for defendants-appellees Douglas R. Currin and Benaccel Corp.

Opinion by Judge CRISWELL.

In this shareholder derivative action, premised on alleged improprieties of certain corporate directors, plaintiffs appeal the summary judgment entered in favor of defendants. We affirm in part, reverse in part, and remand for further proceedings.

Plaintiffs, New Crawford Valley, Ltd. (Crawford), a limited partnership, Glenn M. Heelan, and Don Aufdenkamp, are shareholders of Benedict Nuclear Pharmaceuticals, Inc. (BNP), which was made an involuntary plaintiff in this litigation. Plaintiffs Robert Sanders and Harvey G. Mozer are

Crawford's sole partners. Defendant Douglas R. Currin is, and defendants Malcolm H. Benedict and David R. Allen were, at all relevant times, including the date that plaintiffs filed their initial complaint, on BNP's three-member board of directors. Defendant Benaccel Corporation is alleged to be a corporation all of whose capital stock is owned by defendants Benedict and Allen.

Plaintiffs' complaint sought to assert shareholder derivative claims under C.R.C.P. 23.1 against defendants for the benefit of BNP. It was alleged, generally, that Benedict and Allen had, while they were members of BNP's board of directors, caused valuable assets to be transferred to Benaccel without BNP receiving adequate consideration therefor and that they had received substantial salaries, bonuses, and other compensation without proper authorization of a majority of disinterested directors.

Based upon its conclusions that plaintiffs had not made proper demand upon either BNP's directors or its shareholders and that plaintiffs could not adequately represent similarly situated shareholders, the court entered summary judgment for defendants. Because we determine that some of these conclusions are not supported by the present record, we affirm in part and reverse in part.

## I.

C.R.C.P. 23.1, which governs the procedure for the institution and maintenance of derivative actions by shareholders on behalf of their corporation, requires that the complaint:

> allege with particularity the efforts, if any, made by the plaintiff to obtain the actions he desires from the directors or comparable authority and, if necessary, from the shareholders or members and the reason for [plaintiff's] failure to obtain the action or for not making the effort.

In attempted compliance with this rule provision, plaintiffs' amended complaint alleged that, during the material times, Bene-

dict and Allen were acting as the sole members of the board of directors and that:

> 8. Plaintiffs have not made demand upon defendants Benedict and Allen to take the action requested herein, since they are the alleged wrongdoers and any such demand would be futile.

In addition, plaintiffs' complaint asserted that:

> 9. Upon information and belief, there are in excess of 8,000 shareholders of BNP common stock. Plaintiffs have neither notified nor made demand upon the record shareholders of BNP, inasmuch as the expense of such notice and demand would be prohibitive. Plaintiffs will fairly and adequately represent the interests of all shareholders similarly situated in this proceeding and this action is properly brought as a shareholder derivative action.

More than two years after this action was initiated and shortly before the commencement of the trial of the substantive issues, defendants filed a motion to dismiss under C.R.C.P. 12(b), claiming that these allegations were insufficient to comply with C.R.C.P. 23.1. Attached to that motion were documents disclosing that Crawford had previously obtained a judgment against BNP, had undertaken collection efforts upon that judgment, and had instituted other litigation against Benedict and Allen in an effort to hold them personally liable to Crawford under the provisions of § 18–17–104(2) and § 18–17–106, C.R.S. (1986 Repl.Vol. 8B). These documents also disclosed that, after the institution of the instant litigation, BNP, on the one hand, and Benedict and Allen, on the other, had entered into a compromise settlement and mutual release. Defendants did not present any information respecting plaintiffs' allegation that demand on the shareholders would be prohibitively expensive.

Because of defendants' reliance upon materials extrinsic to the pleadings, the trial court treated defendants' C.R.C.P. 12(b) motion as a motion for summary judgment under C.R.C.P. 56. It then concluded that the undisputed facts established, as a matter of law: (1) that plaintiffs did not make

a proper demand upon the board of directors; (2) that they were required to, but did not, make a demand upon all of the BNP shareholders; and (3) that plaintiffs could not fairly and adequately represent those shareholders that were similarly situated.

We conclude otherwise. First, the undisputed evidence established that plaintiffs were not required to make a demand upon the board of directors. Secondly, there is insufficient evidence to support the trial court's conclusion that a demand upon the shareholders was required and that two of the plaintiffs are not proper representatives of BNP's other shareholders.

## II.

■ Because only the defendants Benedict and Allen constituted BNP's board of directors at the time that plaintiffs filed their complaint, C.R.C.P. 23.1 did not require plaintiffs to perform the futile act of demanding that they sue themselves. *See Neusteter v. District Court*, 675 P.2d 1 (Colo.1984); *Greenfield v. Hamilton Oil Corp.*, 760 P.2d 664 (Colo.App.1988).

We do not understand defendants to contest this proposition. They argue, however, that, because Benedict and Allen resigned from their positions as directors some seven months after plaintiffs filed their complaint and were replaced by persons who have no personal interest in this litigation, plaintiffs were required by C.R.C.P. 23.1 to make a new demand for action by BNP at that time. We disagree.

We are aware of only one published decision considering this issue. In *Nelson v. Pacific Southwest Airlines*, 399 F.Supp. 1025 (S.D.Calif.1975), the federal court rejected the assertion that a substantial change in the membership of a corporate board of directors gives rise to the requirement for a new demand for action under the federal counterpart to C.R.C.P. 23.1, Fed.R.Civ.P. 23.1. In doing so, the court said:

> There is no explicit requirement in Rule 23.1 that a demand be made upon directors who assume their positions subsequent to the commencement of suit.

This court reads the rule to require a demand only on the directors in office at the time that the suit is commenced. Therefore, a demand to the plaintiff on the present directors of Air Cal is unnecessary.

. . . .

A result contrary to that reached here would be overly burdensome to plaintiffs in derivative suits. If the present motion for summary judgment were to be granted, the present plaintiffs would be required to make a demand and file an amended complaint every time that a change in the composition of the board of directors occurred. Election of directors may occur annually, and more frequent changes may result from death, resignation, or removal. The result would be to further delay already protracted litigation, while the plaintiff repeatedly awaited board action and filed amended complaints. *Nelson v. Pacific Southwest Airlines, supra,* at 1031.

We agree with both the analysis employed and the legal conclusion reached by the *Nelson* court.

A proper demand upon the board of directors is a necessary condition precedent to the commencement of the litigation, unless such demand would be futile. We hold, however, that after suit is properly instituted, C.R.C.P. 23.1 imposes no requirement upon plaintiffs to make a further demand upon the board, even if its composition has been changed in the interim.

## III.

We also determine that this record lacks sufficient evidence to allow the conclusion to be drawn either that plaintiffs were required to make an appropriate demand for action upon the shareholders or that all of the plaintiffs are disqualified from acting as adequate representatives of similarly situated shareholders.

### A.

In *Bell v. Arnold*, 175 Colo. 277, 487 P.2d 545 (1971), the supreme court said that, even if a demand upon *directors* would be futile because of their personal interest in the subject matter of the demand, a demand upon *shareholders* may be "necessary," within the meaning of C.R.C.P. 23.1. However, plaintiff may demonstrate good cause for failing to make such a demand. If such a demand upon shareholders would involve unreasonable expense and effort, the requirement is excused. In *Bell*, however, the court had no occasion to describe the type of effort or expenses which it would consider to be unreasonable because the plaintiffs in that case made no assertion that such effort or expense would be encountered.

The federal courts have recognized a similar rule. And, in applying that rule, those courts have looked to the specific factual circumstances involved in each case and have employed a flexible, pragmatic approach to determining whether a shareholder demand would be practicable under those circumstances. *See Levitt v. Johnson*, 334 F.2d 815 (1st Cir.1964); *Messinger v. United Canso Oil & Gas, Ltd.*, 80 F.R.D. 730 (D.Conn.1978); *Weiss v. Sunasco, Inc.*, 316 F.Supp. 1197 (E.D.Pa.1970).

Hence, to determine whether a demand must be made for action by shareholders, not only must the extent of the effort and expense in making such demand be considered, but these factors must also be balanced against the nature of the action that the shareholders might be expected to take. *See Weiss v. Sunasco, supra.*

Here, plaintiffs' complaint alleged that there were in excess of 8,000 shareholders and that the cost of making a demand upon all of them would be prohibitive. And, in argument both before the trial court and here, they also have asserted that, if the demand made was to request some sort of shareholder action, their demand might have to comply with the proxy solicitation requirements of the Securities Act of 1933, 15 U.S.C. § 77a, et seq. (1988). *See* 17 C.F.R. § 240.14a, et seq. (1992).

The allegations of the complaint must be taken as true, *Churchey v. Adolph Coors Co.*, 759 P.2d 1336 (Colo.1988), and are sufficient to survive a C.R.C.P. 12(b) motion to dismiss.

Therefore, if defendants sought to establish that these allegations do not have factual support and to employ a C.R.C.P. 56 motion for summary judgment for this purpose, the burden was upon them to produce evidence contradicting those allegations.

However, neither defendants nor plaintiffs submitted any evidence to the court respecting such matters as the location of the BNP stockholders, the cost of preparing and delivering proper written demand upon each of them, the cost of such demand if it would be required to comply with any securities laws, or whether BNP's articles of incorporation or bylaws would authorize those stockholders to take any action under the circumstances.

Lacking such information, we conclude that this record was insufficient to allow the trial court to conclude, as a matter of law, that plaintiffs were required to make a demand upon each of BNP's shareholders before they filed their complaint. Hence, the trial court erred in drawing that conclusion.

### B.

The trial court similarly erred in granting defendants' motion for summary judgment based on their claim that none of the plaintiffs can adequately represent similarly situated shareholders.

In *Moore v. 1600 Downing Street, Ltd.*, 668 P.2d 16 (Colo.App.1983), this court concluded that the record was insufficient to sustain a summary judgment of dismissal based upon the inadequacy of the plaintiffs' representation of other, similarly situated, limited partners. Relying upon the opinion in *Davis v. Comed, Inc.*, 619 F.2d 588 (6th Cir.1980), we said that *at least* the following factors were required to be considered in determining the quality of representation provided by a plaintiff in a derivative action:

—any economic antagonisms between the representative and the class;

—the remedy sought in the derivative action;

—any indications that the named plaintiff is not the "driving force" behind the litigation, and the degree of familiarity that the plaintiff has with the litigation;

—the existence of other litigation between the plaintiff and the defendants;

—the relative magnitude of the plaintiff's personal interests as compared to his interests in the derivative action;

—any evidence of the plaintiff's vindictiveness against defendants.

Here, defendants assert that Crawford and its partners are not proper representatives because Crawford is a judgment creditor of BNP and has instituted a personal suit against Benedict and Allen. They also assert that shareholders Heelan and Aufdenkamp are mere "fronts" for Crawford and its partners in litigation.

■ We do not agree that the mere fact that a shareholder is a judgment creditor of the corporation automatically renders that shareholder ineligible to maintain a derivative C.R.C.P. 23.1 action. While such a shareholder may have a greater motivation to increase the corporation's assets, the shareholder's interest in this respect may be identical to the other shareholders.

■ However, we do agree that the existence of other litigation between a C.R.C.P. 23.1 plaintiff and the same C.R.C.P. 23.1 defendants in which that plaintiff seeks to have the defendants' assets applied to the satisfaction of a personal claim, rather than transferred to the corporation, represents a serious conflict of interest. *See Nicholson v. Ash*, 800 P.2d 1352 (Colo.App.1990). Hence, we agree that the court committed no error in dismissing Crawford and its partners, Sanders and Mozer, as proper shareholder representatives because of their conflicting interests.

Further, because of the clients' conflicting interests, the trial court might, in proceedings on remand, conclude that plaintiffs' present counsel also have an irreconcilable conflict so that they cannot continue to represent other shareholders, including the other named plaintiffs. *See Guenther v. Pacific Telecom, Inc.*, 123 F.R.D. 341 (D.Or.1987).

■ We disagree, however, that this record contains sufficient evidence to demonstrate, as a matter of law, that plaintiffs Heelan and Aufdenkamp are not proper representatives.

*Davis v. Comed, supra,* involved plaintiffs who owned a small number of shares of stock and who sought to rescind a sale of corporate realty to a third party. Based upon the evidence presented at trial, the appellate court concluded that the plaintiffs were merely a "front" for a group of individuals who sought to obtain the realty for themselves. Hence, the court's conclusion was that the nominal plaintiffs were, in fact, representing interests that could be inimical to the interests of other stockholders. Nevertheless, because the plaintiffs' actions caused actual wrongdoing on the part of the defendants to be brought to light, their derivative claims were not dismissed; the plaintiffs' participation in the litigation was simply limited.

Here the record contains no affirmative evidence of any type that plaintiffs Heelan or Aufdenkamp are "fronts" for any conflicting interest. Further, defendants' allegation that they have not been "active" in the lawsuit is not supported by the record presented to us. The only evidence respecting the point is that these plaintiffs are represented by the same counsel as were representing the other plaintiffs. This fact, without more, is insufficient to demonstrate that these parties are merely acting as agents for the others. Hence, the trial court erred in dismissing the claims of these two shareholders.

### C.

Our conclusion that the present record does not support the trial court's summary judgment should not be construed as holding that a pre-trial determination of the issues of the necessity for a demand upon shareholders or the adequacy of the remaining plaintiffs' representation is unwar-

ranted. Since both these issues are threshold questions, they may be resolved under C.R.C.P. 56, if sufficient evidentiary materials are submitted in conjunction with a motion for summary judgment, or by means of an in limine or bifurcated evidentiary hearing devoted solely to these issues.

## IV.

While the trial court did not pass upon the question, defendants argue before us that the judgment of the trial court should be affirmed because a post-complaint agreement between BNP and defendants Benedict and Allen released any claim that the corporation might possess against the latter two parties. We disagree.

The agreement relied upon by defendants provides that BNP releases Benedict and Allen "from any and all action or actions, cause or causes of action, liabilities, suits and claims, in law or equity, which [BNP] ever had, now has or which it shall or may have against Benedict and Allen...."

However, this agreement also specifically provided that:

> *Notwithstanding the foregoing*, the Company, Benedict and Allen, reserve and except from the terms of the foregoing release and this release shall not affect, extinguish or terminate the Company's or Benedict's and Allen's *claims*, defenses, and offsets that either may have against the other *in connection with the Derivative Action* [the instant litigation]. (emphasis supplied)

Defendants argue that the language of the agreement is ambiguous and that it may not have the effect of reserving from the general language of the release any claims asserted by plaintiffs in this litigation. We disagree.

 Whether the terms of the agreement are ambiguous is a question of law. *Radiology Professional Corp. v. Trinidad Area Health Ass'n*, 195 Colo. 253, 577 P.2d 748 (1978). The agreement here is clear on its face that any claim asserted by BNP in the instant litigation, either directly or derivatively, has not been released by the terms of the settlement agreement relied upon. Hence, the terms of that agreement do not furnish a basis for upholding the trial court's judgment of dismissal.

The judgment dismissing the derivative claim asserted by plaintiffs New Crawford Valley, Ltd., Sanders, and Mozer is affirmed. In all other respects, the judgment of the trial court is reversed, and the cause is remanded to it for further proceedings consistent with the views expressed in this opinion.

SMITH and ROTHENBERG, JJ., concur.