**TOWN OF PARKER, Plaintiff–Appellant,**

v.

**John T. NORTON, Defendant–Appellee.**

**No. 96CA0011.**

Colorado Court of Appeals,
Div. V.

May 29, 1997.

Hayes, Phillips & Maloney, P.C., James S. Maloney, Corey Y. Hoffmann, Denver, for Plaintiff–Appellant.

Holley, Albertson & Polk, P.C., Dennis B. Polk, Howard R. Stone, Golden, for Defendant–Appellee.

David W. Broadwell, Denver, for Amicus Curiae Colorado Municipal League.

Opinion by Judge ROTHENBERG.

In this condemnation action, petitioner, the Town of Parker (town), appeals the judgment of dismissal in which the trial court denied its petition to condemn a strip of land owned by respondent, John T. Norton (landowner). It also appeals the order awarding attorney fees to landowner. We reverse the judgement, vacate the order awarding attorney fees, and remand for further proceedings.

The town, a home rule municipality, filed this action seeking to condemn a strip of landowner's property lying outside but within five miles of the town's boundaries. The town wishes to use the land as part of a recreational trail extending into a nearby wilderness area. In its petition in condemnation, the town alleged it is a Colorado home rule municipality authorized to condemn the subject property pursuant to its home rule charter.

Landowner moved to dismiss the condemnation petition. The trial court granted the motion after concluding that § 33–11–104(4), C.R.S. (1995 Repl.Vol. 14) prohibits the town from condemning landowner's property for the purpose of developing a recreational trail. Later, the court also awarded attorney fees to landowner.

The town contends the trial court erred in dismissing its petition in condemnation based on § 33–11–104(4). We agree.

As a threshold matter, we reject landowner's contention that his motion to dismiss should be treated as a motion for summary judgment because the trial court considered exhibits or testimony. See C.R.C.P. 12(b). The record shows that the court considered only the pleadings and arguments of counsel.

In reviewing a motion to dismiss, we must consider the allegations alleged in the complaint as true. See Bell v. Arnold, 175 Colo. 277, 487 P.2d 545 (1971).

Section 33–11–104(4) provides in pertinent part that:

Nothing in this article shall permit the acquisition of recreational trails by proceedings in eminent domain by any state agency or any unit of local government or any agency thereof. . . .

This statute was enacted as part of the Recreational Trails System Act of 1971 (Trails Act), § 33–11–101, et seq., C.R.S. (1995 Repl.Vol. 14), which governs the development and maintenance of a statewide system of trails. For purposes of the Trails Act, the town is considered a unit of local government. See § 33–11–103(2), C.R.S. (1995 Repl.Vol. 14).

When construing a statute, our primary task is to determine the General Assembly's intent. We read statutory words and phrases according to their commonly accepted and understood meaning. If we can give effect to the ordinary meaning of the words adopted by the General Assembly, we must apply the statute as written. Resolution Trust Corp. v. Heiserman, 898 P.2d 1049 (Colo.1995).

Contrary to landowner's contention, we conclude that § 33–11–104(4) does not establish a general limitation on a municipality's eminent domain rights. It merely clarifies that the Trails Act itself does not grant any eminent domain authority. However, § 33–11–104(4) does not affect a municipality's right to seek condemnation if it has authorization independent of the Trails Act.

As a home rule municipality, the town has certain authority to exercise eminent domain powers. See Colo. Const. art. XX, §§ 1, 6; Town of Parker Home Rule Charter § 15.5 ("The Town shall have the right of eminent domain for all municipal purposes whatever within or without the limits of the Town."). See also Thornton v. Farmers Reservoir &

*Irrigation Co.*, 194 Colo. 526, 575 P.2d 382 (1978); *Fishel v. Denver*, 106 Colo. 576, 108 P.2d 236 (1940); *see generally* 11 E. McQuillin, *Municipal Corporations* § 32.17 (3d ed.1991 rev. vol.) (noting breadth of eminent domain powers held by home rule municipalities).

Even if we assume, without deciding, that the General Assembly could limit the eminent domain authority conferred by Colo. Const. art. XX upon home rule cities, we conclude that § 33–11–104(4) does not impose any such limitation. Accordingly, the trial court erred in granting landowner's motion to dismiss on the basis of that statute.

Because the trial court did not address other issues now raised by the parties, we do not consider them on appeal.

The judgment is reversed and the cause is remanded for further proceedings. The award of attorney fees to landowner is vacated.

DAVIDSON and ROY, JJ., concur.