**SHELTER GENERAL INSURANCE COMPANY, a Missouri corporation, Plaintiff–Appellant,**

**v.**

**PROGRESSIVE CASUALTY INSURANCE COMPANY, an Ohio corporation, Defendant–Appellee.**

**No. 88CA1453.**

Colorado Court of Appeals, Div. IV.

Feb. 8, 1990.

Rehearing Denied March 29, 1990.

Certiorari Denied Aug. 27, 1990.

James B. Lapin, P.C., James B. Lapin, David Lichtenstein, Denver, for plaintiff-appellant.

Zupkus & Ayd, P.C., Robert A. Zupkus, L. Kirk Leggott, Denver, for defendant-appellee.

Opinion by Judge DUBOFSKY.

The plaintiff, Shelter General Insurance Company, appeals the trial court's order dismissing with prejudice its action against defendant, Progressive Casualty Insurance Company. We reverse.

The issue on appeal is whether the Colorado Auto Accidents Reparations Act, § 10–4–701, et seq., C.R.S. (1987 Repl.Vol. 4A) or the Auto Accident Reparations Agreement requires plaintiff to submit to arbitration its claim against defendant.

On October 7, 1983, an accident occurred involving two automobiles and a pedestrian. The first automobile was driven by plaintiff's insured. The second automobile was driven by one Daniels who was allegedly insured by defendant. The specifics of the accident are not clear, but it is uncontested that the two automobiles were involved in a collision and that a pedestrian was struck by Daniels' automobile.

The pedestrian demanded that plaintiff pay $25,000 of Personal Injury Protection (PIP) benefits, which it did. Plaintiff contends that it paid the benefits because it was unaware that Daniels was insured. Plaintiff claims defendant should have paid the benefits. Defendant has denied coverage to Daniels and therefore to the pedestrian.

## I.

Defendant argues that the Colorado Auto Accident Reparations Act requires arbitration of this dispute and that the one-year statute of limitations for arbitration, § 10–4–717(3), C.R.S. (1987 Repl.Vol. 4A) is therefore applicable. We disagree.

 If a statute is plain and its meaning clear, it must be applied as written. *Heagney v. Schneider,* 677 P.2d 446 (Colo. App.1984). The General Assembly is presumed cognizant of judicial precedent when it enacts legislation. *Rauschenberger v. Radetsky,* 745 P.2d 640 (Colo.1987). When construing a statute, a court must read and consider a statute as a whole. *Martinez v. Continental Enterprises,* 730 P.2d 308 (Colo.1986); *Howe v. People,* 178 Colo. 248, 496 P.2d 1040 (1972).

 Section 10–4–717(1), C.R.S. (1987 Repl.Vol. 4A) of the Colorado Auto Accident Reparations Act reads in part:

"Every insurer licensed to write motor vehicle insurance in this state shall be deemed to have agreed, as a condition to maintaining such license after January 1, 1974:

(a) That, where its insured is or would be held legally liable under the provisions of section 10–4–713(2) for the benefits paid by another insurer ... it will reimburse such other insurer to the extent of such benefits ...

(b) That the issue of liability for such reimbursement and the amount thereof shall be decided by mandatory, binding intercompany arbitration procedures approved by the commissioner...."

The mandatory arbitration is limited to incidents included in § 10–4–713(2), C.R.S. (1987 Repl.Vol. 4A). That section applies to accidents involving a private passenger automobile *and* a "nonprivate passenger motor vehicle" or a "motor vehicle owned or operated by the regional transportation district." Reading §§ 10–4–713(2) and 10–4–717 together, we conclude that mandatory arbitration is clearly not applicable to this situation which involves two private vehicles.

Contrary to defendant's claim, *Baumgart v. Kentucky Farm Bureau Mutual Insurance Co.*, 199 Colo. 330, 607 P.2d 1002 (1980) is not dispositive of this issue. Based upon a prior version of the Colorado Auto Accident Reparations Act, the court in *Baumgart* indicated that arbitration between licensed insurance companies involving subrogation disputes is mandatory.

*Baumgart*, however, involved a lawsuit by an insurance company against the negligent driver who injured the company's insured. The insurance company in *Baumgart* was the subrogee of the PIP payments it had made to its insured. Although there is language in *Baumgart* suggesting that arbitration is required between licensed insurance companies, the issue presented here was not before that court.

Furthermore, subsequent to *Baumgart*, the General Assembly amended the Act. By that amendment, the General Assembly restricted the scope of the mandatory intercompany arbitration provision, limiting its effect only to those accidents that involve "non-private passenger motor vehicles." Colo.Sess.Laws 1980, ch. 62 at 466. *Peterson v. Kester*, 791 P.2d 1185 (Colo.App.

1989). Thus, under § 10–4–713, as it is now worded, insurance companies cannot assert subrogation claims involving private vehicles through arbitration or court action and thus must absorb PIP payments as losses. *Peterson v. Kester, supra.*

Sections 10–4–706 and 10–4–707 respectively set out the coverages required and to whom those coverages are applicable. These sections indicate the responsible insurance company to make PIP payments on behalf of the injured party. We determine that § 10–4–713 precludes subrogation claims only if the proper insurance company has made the correct payments under §§ 10–4–706 and 10–4–707; but it was not the General Assembly's intent to promote or protect the incorrect or wrongful payment of PIP benefits in violation of §§ 10–4–706 and 10–4–707 by precluding a lawsuit between insurance companies.

Here, plaintiff claims that it wrongfully paid the PIP benefits, that the defendant was the company required to pay such benefits, and that defendant has thus been unjustly enriched in violation of applicable statutes. We therefore conclude, under these circumstances, that the present act neither requires arbitration nor precludes an otherwise legitimate lawsuit. We are, of course, not deciding the sufficiency of plaintiff's complaint in any other respect.

## II.

Defendant argues that the Auto Accident Reparations Agreement requires plaintiff to arbitrate this claim. We disagree.

The Automobile Accident Reparations Agreement is executed by all carriers licensed to do business in the state of Colorado. By its own terms, it provides:

"This agreement does not apply to any claim for recovery rights to which a company asserts a defense of lack of coverage on grounds other than delayed notice, no notice, or lack of cooperation, unless specific written consent is obtained from companies in interest."

The trial court did not make any findings as to the nature of defendant's defense

regarding coverage, nor did the court find that the Automobile Accident Reparations Agreement was applicable.

On a motion to dismiss, this court must view the allegation of the complaint in a light most favorable to plaintiff. *Bell v. Arnold,* 175 Colo. 277, 487 P.2d 545 (1971). So viewing plaintiff's claim, we conclude that its dismissal was erroneous.

The judgment is reversed and the cause is remanded for further proceedings.

TURSI and DAVIDSON, JJ., concur.