This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

**v.**                                             **No. 32,465**

**MIKKO T. SEKIYA,**

Defendant-Appellant.

Gary K. King, Attorney General
Santa Fe, NM

for Appellee

Mikko T. Sekiya
Carrizozo, NM

Pro Se Appellant

**MEMORANDUM OPINION**

**FRY, Judge.**

This matter came on for hearing on Defendant's motion for rehearing. The Motion is denied. The opinion filed on January 22, 2013, is withdrawn and the following substituted.

Defendant-Appellant Mikko T. Sekiya (Defendant) seeks to appeal from the revocation of his probation. We issued a calendar notice on December 6, 2012,

proposing to dismiss. Defendant has filed a memorandum in opposition. After due consideration, we remain unpersuaded. We therefore dismiss.

As described at greater length in the notice of proposed summary disposition, Defendant failed to file a timely notice of appeal below. Additionally, Defendant admitted the allegations contained in the petition to revoke his probation, thereby waiving the right to appeal. *See State v. Hodge*, 118 N.M. 410, 414, 882 P.2d 1, 5 (1994) (holding that ordinarily, a guilty or no contest plea waives a defendant's right to appeal on non-jurisdictional grounds); *State v. Leyba*, 2009-NMCA-030, ¶¶ 14, 17, 145 N.M. 712, 204 P.3d 37 (applying *Hodge* in relation to an admitted probation violation). Under these circumstances, we conclude that this matter is not properly before us.

We acknowledge that "defense counsel's failure to timely file a notice of appeal from an order revoking a defendant's probation is per se ineffective assistance," if the defendant has not waived the right to appeal. *State v. Leon*, 2013-NMCA-011, ¶ 20, 292 P.3d 493. However, as previously mentioned, by his admission Defendant effectively waived the right to appeal, and consequently, no presumption of ineffective assistance applies in this case. *See id.*; *State v. Peppers*, 110 N.M. 393, 399, 796 P.2d 614, 620 (Ct. App. 1990) (declining to extend the presumption of ineffectiveness of counsel to include appeals from pleas of guilty or no contest).

In his memorandum in opposition Defendant notes that he received an extension of time to file his docketing statement with this Court. [MIO 30] However, such an extension does not have any impact on Defendant's apparent waiver of the right to appeal.

In his memorandum in opposition Defendant further asserts that he was not informed about the filing requirements or his entitlement to appeal. [MIO 1] However, this does not alter our assessment that the instant appeal is not properly before us due to Defendant's waiver of his right to appeal.

Accordingly, for the reasons stated above and in our notice of proposed summary disposition, we conclude that this instant appeal is not properly before us. We therefore dismiss.

**IT IS SO ORDERED.**

_____
**CYNTHIA A. FRY, Judge**

**WE CONCUR:**

_____
**JAMES J. WECHSLER, Judge**

_____
**TIMOTHY L. GARCIA, Judge**

3